STATE v. W. C. KROUT.

(Filed 17 May, 1922.)

**Evidence—Criminal Law—Forgery—Corroboration—Appeal and Error— Prejudice—New Trials.**

The defendant upon a trial for forgery offered evidence that he was a traveling salesman, and at the time and place charged was in another town, some five hundred miles distant, and in corroboration of his own and of that of others of his witnesses, offered as evidence an order signed by a customer at the latter place, and also testimony of his landlady there that the defendant and his wife had lodged at her hotel, identifying several checks he had given for their board. The court excluded the evidence as to the order for merchandise and testimony of the defendant's witness as to the date and the period of time for which the checks were given: *Held*, the evidence rejected was competent as tending to prove a pertinent circumstance in corroboration of defendant's testimony, and that of his other witnesses, and its exclusion by the court was reversible error.

APPEAL by defendant from *Finley, J.,* at January Term, 1922, of GASTON.

Criminal prosecution tried upon an indictment charging the defendant with forgery.

There was evidence on behalf of the State tending to show that the defendant had obtained the sum of $626.70 from two banks in Gastonia by uttering and publishing certain false, fraudulent and forged checks.

The defendant offered evidence tending to show that he was in the State of Alabama at the time of the alleged offense. His evidence, if believed, was sufficient to establish an alibi.

From an adverse verdict and a judgment of ten years in the State's prison the defendant appealed, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Porter & Mebane, Carpenter & Carpenter, and Bivens & Wilkins for defendant.*

STACY, J. The State's evidence, if believed, showed conclusively that the defendant was the person who committed the crime for which he was being tried. Conversely, the defendant's evidence, if believed, established conclusively an alibi on behalf of the defendant. The jury were at liberty to accept either view of the evidence. The controlling issue, upon the trial, was the identity of the person who uttered the forged checks.

The defendant prosecutes this appeal, assigning as error his Honor's refusal to admit certain material and competent evidence, and contends but for the exclusion of this evidence the jury would have returned a verdict of acquittal.

The evidence of the State was to the effect that the forgery was committed in Gastonia, N. C., on the morning of 29 November, 1921. The defendant, who was a traveling salesman, testified that he was not in Gastonia at this time, but that he was approximately five hundred miles away in Gadsden, Ala. In corroboration of this testimony he offered to show, by introducing the original written order, that he had taken an order for the purchase of a "money weight" scale from one J. J. Cook in Gadsden, Ala., on the afternoon of 28 November, 1921. He testified that the said order was signed in his presence and witnessed by him on that date. The order, upon objection, was excluded.

There was also evidence tending to show that the defendant and his wife took their meals at the Mallard Hotel, in Gadsden, Ala., from 7 November to 9 December, 1921. Mrs. O. L. Lewis, the proprietress of said hotel, testified that both were there on the 28th and 29th of November, 1921, and she identified three checks which had been given to her for their board; but, upon objection, she was not permitted to state when they were given nor for what period of time each was intended to cover. In fact she was not allowed to make any explanation at all in regard to them. The defendant then offered the checks as corroborative evidence and they were excluded.

The defendant further testified that on the morning of 29 November he went to the office of the Southern Express Company in Gadsden, received a package from the agent, signed for it on the regular delivery sheet, and this was admitted in support of his testimony as corroborative evidence.

Defendant contends that his Honor's refusal to allow him to corroborate his testimony by showing the original order, signed by Cook on the evening of 28 November was materially prejudicial to the complete establishment of his alibi. He also contends that Mrs. Lewis should have been permitted to testify in regard to the checks given to her for the board of himself and his wife. We think this evidence was competent, and tended to prove a pertinent circumstance in corroboration of the defendant's testimony. *Johnson v. Ins. Co.,* 172 N. C., 148. Not only was it in support of what the defendant himself had said, but it was also material as bearing upon, and in corroboration of, the circumstances and details related by other witnesses. The entire defense was being controverted by the State. Under such conditions considerable latitude must necessarily be allowed in the admission of corroborative evidence. 40 Cyc., 2785, and cases collected in note. Indeed, in 40 Cyc., 2790, it is said that

the "corroboration of a witness on one point may render his testimony more credible on points as to which he is not corroborated." And speaking to the question of corroborative evidence in *S. v. Morton,* 107 N. C., 890, *Merrimon, C. J.,* observed: "The evidence tended to strengthen what the impeached witness said, and to increase the probability that it was true. ·. . . It had some relevancy and point, taken in connection with other evidence, and it was the province of the jury to determine its weight and force," citing *S. v. Green,* 92 N. C., 779; *S. v. Whitfield, ibid.,* 831; *S. v. Freeman,* 100 N. C., 429.

For the error, as indicated, we think a new trial must be awarded, and it is so ordered.

New trial.