## STATE v. MARYLAND PUGH.

(Filed 10 May, 1922.)

**1. Evidence—Witnesses—Character—Instructions.**

Where the character of a witness had not been impeached either by contradictory evidence or the manner of his cross-examination, it is presumed to be good, and the testimony of other witnesses thereto will be excluded; and where in a criminal action the case has been given to the jury, who return to court with a request for a further instruction as to whether a witness's character is considered good until proven bad in court, the judge's reply that it is presumed to be good until the contrary is shown, is free from error under the circumstances.

**2. Instructions—Courts—Expression of Opinion—Statutes.**

Where the jury has failed to that time to agree upon a verdict in a criminal action, an instruction by the judge that in effect it was a matter of indifference to him, but it was their duty to agree if they could do so without violence to their consciences; that they must find for conviction beyond a reasonable doubt, uninfluenced by prejudices, etc.: *Held,* not to be an expression of opinion by the judge upon the evidence, contrary to the statute. C. S., 564.

**3. Courts—Evidence—Expression of Opinion—Common Law—Right—Strict Construction.**

Our statute (C. S., 564), forbidding the expression of an opinion by the trial judge upon the evidence, is in derogation of the common-law rule, and its meaning will not be extended beyond its terms.

**4. Same—Criminal Law—Conduct of Jury—Discharge of Jury—Instructions—Remarks.**

Where the trial judge has stated to a jury after rendering a verdict in a criminal action, that from their verdict their attention was evidently attracted by important business matters at home, and therefore he would excuse them for the term, was a matter within his discretion and cannot be construed to the prejudice of a defendant in a later trial, though one of the same jurors sat upon his case, or as an expression of opinion forbidden by C. S., 564.

**5. Appeal and Error—Presumptions—Discharge of Jury—Conduct of Jurors—Remarks—Instructions.**

The remarks of the trial judge in discharging a jury after verdict, or in impressing upon jurors and the public the duty of jurors in their conduct, are *prima facie* presumed on appeal to be correct.

APPEAL by defendant from *Brock, J.,* at April Term, 1922, of RANDOLPH.

The defendant was convicted of an attempt to burn an unoccupied dwelling, and from the judgment upon conviction appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*C. N. Cox and Brittain, Brittain & Brittain for defendant.*

CLARK, C. J. The only errors assigned are for matters occurring after the case had been submitted to the jury. There were no exceptions to the evidence or charge.

After the jury had been in deliberation for some time they came into court for further instructions and asked the judge this question: "Is a witness's character considered good until proven bad in court," to which the court replied: "The witness's character is presumed to be good until the contrary is shown." This reply is undoubtedly correct. A witness's character is subject to attack as soon as he goes on the stand. If the opposite party wishes to attack it he may do so by witnesses or by the manner of his cross-examination. If this is not done, and there is nothing in the witness's own testimony which impeaches him, it may well be taken that his character is to be considered good.

In 40 Cyc., 2552 *et seq.,* the authorities are summed up from the different states and hold that: "A witness is presumed to speak the truth, but such presumption is of course subject to be overcome by any other matters tending to indicate that the witness is not worthy of credit, and ceases where it appears that the witness has testified falsely as to a material matter." Also, "As a general rule, evidence is not admissible to sustain the credibility of a witness who has not been impeached and where a witness has not been impeached, it is not permissible to support his testimony by other evidence which, although corroborative in its nature, bears on the credibility of the witness rather than on the issues in the cause." Further it is held that "evidence is not admissible to show the good character or reputation for truth and veracity of a witness whose character has not been attacked and where a witness has not been impeached it is not permissible to support his testimony by showing that he had made statements out of court in conformity to his testimony, or that his testimony is consistent to that given by him in a previous proceeding; or that he had never made any statements contradictory to his testimony. But it is of course permissible to corroborate an unimpeached witness as to any fact in issue in the case."

The ground of all these decisions is that the character of a witness is to be deemed good unless it is impeached. It may be impeached either by direct testimony as to his character or by the manner of his examination, and in such cases the court will admit testimony in support of his good character, but it would be a useless consumption of time to put in testimony as to the good character of a witness which has not been impeached in any way.

51—183

STATE *v.* PUGH.

In *S. v. Knotts,* 168 N. C., 190, the Court held that it was not error to refuse an instruction that the law presumed defendants were men of good character. While a defendant is presumed innocent of the particular charge for which he is being tried, there is no presumption as to his good character, and the mere fact that he is indicted and on trial is an attack upon his character when offered as a witness, as well as the fact that he is an interested witness.

The jury, having again returned to the court room without having reached a verdict, and having informed the court that it stood 11 to 1, the court then said to them: "The court does not know which way the 11 stand, or who you are, or how the one stands, or who he is, and it does not concern the court to know, but the court instructs you that each of the jurors must be satisfied beyond a reasonable doubt before they can convict the defendant; and it is the duty of the jury, if you can do so without doing violence to your conscience, to reach a decision. The case is one of importance to the State and to the defendant, and some jury must pass upon it."

This is unexceptionable. "The court also suggested that it was the duty of the juror, if he could make up his mind to a moral certainty, to do so, and told the jury to go back and see if they could get together. The court, during the course of its remarks to the jury, stated to the jury that it was their duty to consider the evidence and not to decline to agree on account of stubbornness, that to decline to agree, if one could do so without doing violence to his conscience, was not necessarily a mark of great intelligence or high citizenship." In this we can see nothing prejudicial of which the defendant can complain.

The defendant and his counsel were in court at the time the foregoing remarks were made to the jury, and they made no objection and did not make any exception at the time.

After the verdict was rendered the defendant entered an exception on the following ground: "On Tuesday morning previous, when a former jury was trying a different case, *S. v. Sizemore,* and returned a verdict of not guilty, the court stated to that jury, there being present some who subsequently served as jurors in this case, as follows: 'Gentlemen, you evidently have important business matters at home that are attracting your attention, judging by the verdict which you have just returned, and in view of that fact the court will excuse you for the term.'" This was in the discretion of the trial judge, and he had the power, and it was his duty in a proper case to discharge a jury from service. His remarks are not shown to have been improper, and the presumption of law is that the judge acted properly. Certainly it was no expression of opinion by him on the facts in issue in this case, under our statute which forbids a judge to give an opinion. It is no violation of the Act of 1796, now C. S., 564, which provides: "No judge, in giving a charge to a petty

jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury."

The judge in discharging the former jury, or in making any remarks during the term in the discharge of his duty to impress the public with the duty of jurors in their conduct, is presumed to have acted correctly, and his remarks in so doing can in no possible view be taken as a violation of this statute which forbids the judge to express an opinion "whether a fact is fully or sufficiently proven" in this trial.

This matter has been recently reviewed in *S. v. Baldwin,* 178 N. C., 687, where on the conviction of a party of having in possession spirituous liquors, the judge in sentencing the prisoner expressed condemnation of the transaction, and subsequently at the same term the brother of that defendant was tried for connection with the same offense, and the same objection was made as in this case, and the court said that the judge's remarks could not be considered as an expression of an opinion on the trial of this defendant any more than the verdict of guilty against his brother on whom he was passing sentence had been, and added: "At common law, and in England to this day, the judge is not forbidden to express an opinion upon the facts of any case, but it was deemed that the judge, who is an integral part of the trial, could be of aid to the jury in expressing an opinion upon reasonable inferences to be drawn, from the evidence, though of course he could not direct a verdict when there was conflicting evidence. The same rule still obtains in all the Federal courts and the courts of nearly every State in the Union. It is, therefore, not an inherent right of a defendant that the judge should be restricted from expressing any opinion during the trial."

It was further said that our statute of 1796, now C. S., 564, forbids a judge only "in giving a charge to the petty jury from giving an opinion whether a fact is fully or sufficiently proven. Being in derogation of the common law and of the practice and procedure in the English and Federal courts, and of the procedure generally elsewhere, we cannot extend it beyond its terms," citing many cases to the same effect. The subject is so fully discussed in that case that repetition is unnecessary.

Furthermore the exception was not to anything that occurred during the trial, and presents no question for consideration in this case. There is nothing which would authorize us to say that there was such misconduct of the judge at that term as would vitiate this, or any other trial at that term.

The judge is presumed to have acted properly in his discharge of the jury in the former case, which was a matter committed to his discretion, and certainly is not to be reviewed in this case. If it had vitiated this trial it would have vitiated every other trial at that term.

No error.