## STATE v. C. B. BRODIE.

(Filed 25 November, 1925.)

**1. Evidence—Witnesses—Opinions.**

While a witness may testify to facts within his knowledge, he may also testify under the more modern rules to such as by reason of his personal observation he is in a position to know more accurately than the jury, who have not had such opportunity.

**2. Fires—Evidence—Criminal Law—Inventories.**

Upon the trial for unlawfully setting fire to his stock of merchandise purchased a few months prior to the occurrence, the former owner, who had made an inventory for the purpose of sale, may testify as to the value of the stock of merchandise at the time of the fire, when he has during the interval observed the merchandise in view of its depletion or replenishment, when relevant to the inquiry.

**3. Same—Corroboration.**

On trial for the setting fire to his stock of merchandise, which necessarily destroyed the stock of merchandise of another, testimony of such other person that the witness had been previously warned to take out insurance beforehand by the defendant is competent, and that of the wife in corroboration of what her husband told her, is also competent.

**4. Same—Insurance—Motive.**

Upon the question of the motive of the defendant for setting fire to his stock of merchandise on trial under a criminal indictment, that he had padded his inventory for the purpose of over-insurance, it is competent to show the inventory upon which he had bought it some few months before, with the other evidence in this case as to its value at the time of the fire.

**5. Evidence—Character—Admissions—Appeal and Error.**

As to the character of the defendant criminally charged with setting fire to his insured stock of merchandise, testimony of a witness that he had previously heard of defendant's setting fire to his stock at other places, etc., will not be considered as prejudicial to defendant when he afterwards admits it as a witness in his own defense.

**6. Instructions—Disagreement of Jury—Expression of Opinion—Statutes.**

Where the jury in a criminal action have for several days failed to agree, an instruction by the court that he presumed they realized the effect of a disagreement as to the cost to the county, etc., expressly stating he did not want to coerce them into an agreement, is not objectionable as expressing an opinion upon the evidence, or erroneous as against the provisions of our statute on the subject.

APPEAL by defendant from *McElroy, J.,* at April Term, 1925, of STOKES.

The indictment charged the defendant with having set fire to and having burned the storehouse and other buildings of J. B. Woodruff, the

storehouse having been occupied and used at the time by the defendant in carrying on a dry goods business and the other building having been occupied and used by one W. H. Voight as a moving picture show. C. S., 4242.

Woodruff was the owner of both these buildings, which were situated in Walnut Cove. He had conducted a mercantile business in the storehouse for sometime before 3 May, 1923, when he sold his stock of goods and rented the building to the defendant who immediately went into possession. The defendant continued the business there until the fire occurred. In September, 1923, he insured his stock of goods for $6,000; and at one o'clock in the night, 24 January, 1924, a fire broke out and destroyed the entire stock of goods and both buildings. At the trial a large number of witnesses were examined on each side and the jury found the defendant guilty as charged in the indictment. Judgment was pronounced and the defendant appealed. The material exceptions are noted in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*N. O. Petree, George Jarvis and Swink, Clement & Hutchins for the defendant.*

ADAMS, J. The defendant first assigns as error the admission of Woodruff's testimony as to what the stock of goods was worth on 1 January, 1924. The ground of the exception is the alleged expression of an opinion not formed by the witness upon a personal examination or observation of the goods. It is a familiar principle that one who is called to testify is usually restricted to facts within his knowledge; but if by reason of opportunities for observation he is in a position to judge of the facts more accurately than those who have not had such opportunities, his testimony will not be excluded on the ground that it is a mere expression of opinion. McKelvey on Evidence, 172, 231; *Greensboro v. Garrison, post,* 577; *Hill v. R. R.,* 186 N. C., 475; *Shepherd v. Sellers,* 182 N. C., 701; *Marshall v. Telephone Co.,* 181 N. C., 292.

In assuming that Woodruff's estimate of value was not the result of his personal observation, the defendant is in error. Having made his last inventory about four months before the sale, Woodruff testified that he had gone to the store several times since the sale to see whether the defendant was keeping up the stock of goods and that he had examined it only a few hours before the fire broke out. His "judgment" as to the value of the goods was formed after a personal inspection of the stock on hand. The first exception, then, is without merit.

Voight's testimony that he had carried no insurance (sixth exception) was competent as tending to explain the defendant's request that Voight should take out a policy before the first of the year and that he had given Voight the last warning; and what Mrs. Voight said (seventh exception) was evidently admitted in corroboration of her husband. In *S. v. Bethea,* 186 N. C., 22, it is said that after the credibility of a witness has been impugned by cross-examination it is permissible to corroborate and support his credibility by evidence tending to restore confidence in his veracity and in the truth of his testimony. Voight had been subjected to cross-examination and his wife's testimony referred to circumstances concerning which he had previously testified. Such corroborating evidence may include previous statements, whether near or remote, and whether made pending the controversy or *ante litem motam.* These exceptions must therefore be overruled. *Dellinger v. Building Co.,* 187 N. C., 845; *S. v. Krout,* 183 N. C., 804; *S. v. Exum,* 138 N. C., 600; *S. v. George,* 30 N. C., 324.

Woodruff sold his stock of goods to the defendant on 3 May, 1923. He had taken an inventory on the first day of the preceding January; and the defendant made a similar inventory on 14 May, 1923. The State contended that by sales and by the removal of goods from the storehouse the defendant had reduced the value of his stock very much below the amount of his insurance; and it offered Woodruff's inventory, which was admitted, not as substantive, but as corroborative evidence. To the admission of this evidence the defendant entered exceptions 8, 9, 10, 11. It will be noted that the defendant exhibited his inventory to the insurance agent at the time the policy was issued; that a comparison of the two inventories, item by item, tended to show that the defendant had padded his; and that the vaue of the destroyed goods was far below the face of the policy. Granted this theory, we do not perceive any valid reason for the exclusion of this evidence or that which is the subject of the seventh, twelfth, thirteenth, fourteenth and fifteenth exceptions.

J. M. Stultz, a witness for the defense, testified that he knew the defendant and his wife and that her character was good. On cross-examination he was asked whether "the defendant had the reputation of having had several fires while living in Virginia?" and answered, "I think he had some fires. At least I heard of it. I did not know it to be a fact." Again: Question: "I ask you if the defendant had the general reputation of having had three fires in 1910 and 1911 and collecting insurance on them?" Answer: "I do not know. I heard about the fires but do not know about the insurance." To the admission of this testimony the defendant noted exceptions twenty and twenty-one.

Inquiry into the law concerning such impeaching evidence and the distinctions drawn in several of our decisions in reference thereto is not

necessary to a disposition of these exceptions. With respect to the question the following cases may be consulted: *Barton v. Morphes,* 13 N. C., 520; *S. v. Johnston,* 82 N. C., 589; *S. v. Garland,* 95 N. C., 671; *S. v. Bullard,* 100 N. C., 486; *S. v. Arnold,* 146 N. C., 602; *S. v. Holly,* 155 N. C., 485; *S. v. Cathey,* 170 N. C., 794; *S. v. Killian,* 173 N. C., 792; *S. v. Neville,* 175 N. C., 731; *S. v. Canup,* 180 N. C., 739; *S. v. Baldwin,* 184 N. C., 789.

It is important to observe that Stultz did not testify he knew the defendant's general reputation in regard to the fires; on the contrary he expressly denied all knowledge of such reputation. If there was error in permitting the witness to state what he had heard in regard to the fires, the error was cured by the following admission of the defendant, who subsequently testified in his own behalf: "Brodie Brothers Company owned stock in Virginia and had three fires. Collected insurance on two of them. E. F. Brodie is my wife. We have been married 23 years. I do not remember whether I had any insurance taken out in her name or not. The policy might have been. It could have been in Brodie Brothers Company. I do not remember whether both policies were taken out in Brodie Brothers Company's name or not. I do not remember in what name I collected the insurance. We collected a part of it, nothing like the face of the policy. The one taken out in E. F. Brodie's name, I think, we collected $2,200 on. I am not positive about that. The building was owned by us and also the place was owned by us." The defendant admitted all that Stultz said and more.

For three days the jury had been unable to agree on a verdict and on Saturday morning came into the courtroom and announced that they could not agree. They were requested to give the case further consideration and were afterwards recalled. Not having agreed they were given this instruction: "I presume you gentlemen realize what a disagreement means. It means that four more days of the time of the court will have to be taken up at the expense of several hundred dollars. I do not want to force or coerce you into an agreement and could not if I wished to do so, but still it is your duty as intelligent, reasonable men to consider the evidence, reconcile it, reason the matter over among you and come to an agreement. A mistrial is always a misfortune to any case or to any county. Jurors, if they cannot render verdicts, are entirely useless. It is the duty of jurors to agree if possible and I hope you gentlemen can retire and consider the matter further, reason with each other as intelligent men and come to an agreement." The defendant excepted.

In *S. v. Windley,* 178 N. C., 670, a new trial was granted because the judge had intimated an opinion as to the weight of the evidence, when the jury had not agreed, *Walker J.,* saying: "The judge, in this case, did not enter the verdict and ask if any of the jurors disagreed to it,

as was done in *S. v. Shule, supra,* but the jurors were, in effect, polled and asked if each of them believed the testimony of the defendant, and if so, to hold up his right hand. This was done after a statement by the court of what the defendant, as a witness in his own behalf, has said, and the further remark that he had proved himself to be a man of good character. The court then instructed the jury, that having all of them said that they believed the statement of defendant, he had told them before, and would tell them now, that it is their duty, as jurors, to take the law from the court, and if they believe defendant's testimony, and found the facts which it tends to show, to convict him. There are other expressions of like kind, though somewhat more intensive in form and emphasis." To the same effect is *S. v. Simmons,* 143 N. C., 613. These two cases are in a class which fairly represent the principle on which the defendant relies; and if the principle were applicable here a new trial would be necessary. But in the instruction complained of there is no intimation of an opinion either as to the weight of the evidence or as to the guilt or innocence of the defendant. His Honor told the jury that a mistrial would be unfortunate, but he was very careful to say, while he hoped they would come to an agreement, he had no desire to force or coerce a verdict. In doing so he exercised the prerogative of a judicial officer, and in his instruction there is nothing which warrants a new trial. *Bailey v. Poole,* 35 N. C., 404, 407; *S. v. Robertson,* 121 N. C., 551, 554; *S. v. Southerland,* 178 N. C., 676, 678.

The remaining exceptions require no discussion. We find

No error.