STATE v. ANDREW LEFEVERS, BRUCE DUCKWORTH, HARRY BOWMAN AND NEWLAND LEFEVERS.

(Filed 22 November, 1939.)

1. **Assault and Battery § 11: Criminal Law § 52b—Case must be submitted to the jury if evidence considered in light favorable to State is sufficient to sustain verdict of guilty.**

   The evidence tended to show that the four defendants, the prosecuting witness and the wife of the prosecuting witness were riding together in an automobile, that one of the defendants held the witness and another defendant cut him with a knife, that the third defendant struck him over the head and that the fourth defendant told the prosecuting witness' wife to keep quiet, he was going to kill the prosecuting witness, *is held* sufficient to be submitted to the jury as to the guilt of each of defendants of assault with a deadly weapon, notwithstanding evidence on the part of defendants that the defendant who cut the witness did so in self-defense in an altercation solely between them, and that the other defendants did not aid or abet him therein. C. S., 4643.

2. **Assault and Battery § 10: Criminal Law § 29e—**

   Evidence tending to show ill will between the prosecuting witness and the defendant, arising from the destruction of certain whiskey stills by officers of the law, is competent for the purpose of showing motive.

3. **Criminal Law § 78c—**

   Where part of the answer of a witness is not responsive to the question propounded, defendant, if he deems it prejudicial, should request the court to strike it from the record and to instruct the jury not to consider it.

**4. Criminal Law § 41b—**

When testimony elicited from defendant's witness on cross-examination is confined by the court to the question of the witness' credibility, defendant's exception thereto cannot be sustained.

**5. Criminal Law § 81c—**

Exceptions to the charge of the court will not be sustained when the charge is free from prejudicial error when read contextually as a whole.

**6. Criminal Law § 53e—**

A charge to the effect that the trial of the cause involved heavy expense to the county and that it was the duty of the jury to continue their deliberations and decide the issue, will not be held for error when the court, immediately following such instruction, charges the jury that it was its duty to try to come to some agreement and that the court was not attempting to force it to agree.

APPEAL by defendants from *Armstrong, J.,* at June Term, 1939, of BURKE.

The defendants were convicted of an assault with a deadly weapon, to wit: a knife, upon one C. A. Mull.

The State's evidence tended to show that the four defendants, together with C. A. Mull and his wife, were riding in an automobile driven by Andrew Lefevers; that Mull and his wife and one Fred Shuping were riding on the front seat with the driver, and that the defendants Duckworth, Bowman and Newland Lefevers, with Bill Branch, were riding on the back seat; that Andrew Lefevers took his foot off of the accelerator and laid his arm around Mull and said, "I've got the s. o. b., kill him," and immediately Harry Bowman cut the prosecuting witness about the neck and ear, and that Bruce Duckworth struck him over the head, that Newland Lefevers had a blackjack and when the wife of Mull screamed he told her to "shut her damn mouth" that he was going to kill her husband.

The defendants' evidence tended to show that C. A. Mull took offense at Harry Bowman's speaking of Mull's brother as a "weasel face man," and attacked Bowman with his knife, cutting his shirt just over the heart, and that Bowman cut Mull in self-defense; and that none of the other defendants aided or abetted Bowman in doing what he did in cutting Mull.

The jury returned a verdict of guilty of an assault with a deadly weapon as to all four of the defendants, and from judgments of imprisonment, the defendants appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Hatcher & Berry and I. T. Avery for defendants, appellants.*

SCHENCK, J. While the evidence was conflicting and may have justified an acquittal, when taken in the light most favorable to the State it sustains the verdict, and for that reason the defendants' motions to dismiss the action under C. S., 4643, were properly denied.

The defendant Bruce Duckworth assigns as error the testimony of the witness C. A. Mull, that "He (Bruce Duckworth) met me near my home and there had been several stills cut down; and he asked me had I not reported them stills; he was making liquors. When I said No, that I had not reported it, he said it was going to cause trouble." This assignment is untenable for the reason that the testimony was competent for the purpose, if no other, of showing motive, which though not always necessary to be shown is always competent to be shown in the trial of a criminal action. *S. v. Wilkins,* 158 N. C., 603. The statement "he was making liquors" was not responsive to the question propounded, and the defendant, if he deemed it prejudicial, should have requested the court to strike it from the record and to instruct the jury not to consider it. *S. v. Green,* 152 N. C., 835.

The assignments of error relating to questions propounded to the defendants' character witness, Causby, on cross-examination, as to whether the defendant Andrew Lefevers did not have the general reputation of starting and engaging in fights, are untenable since it appears in the record that the court instructed the jury not to consider the answers against Andrew Lefevers, but only to consider it as bearing upon the credibility of the witness then testifying. *S. v. Holly,* 155 N. C., 485.

There are many assignments of error to excerpts from the charge. We have examined all of these with care and are of the opinion that when the excerpts are read contextually with the whole charge, and not disconnectedly and disjointedly, they are free from prejudicial error. The most serious of these assignments relate to that portion of the charge which, with the context, reads: "That this case took a good little time to try and about a half a day in the argument and the charge of the court and some jury in this county have to pass on it, and you have been selected and sworn to decide, and it is your duty to decide it because it is an expense to the county to retry it. And it is your duty to try to come to some agreement. I am not trying to force you to agree on this case and you may go back to the jury room and continue your deliberations. . . . Remember about the expense of this case and the fact that someone has to try it. You are intelligent men and can try it as well as any men in the county."

In *S. v. Brodie,* 190 N. C., 554 (558), where exception was preserved to an almost similar instruction to the one assailed in the case at bar, it is said: "But in the instruction complained of there is no intimation of an opinion either as to the weight of the evidence or as to the guilt or

innocence of the defendant. His Honor told the jury that a mistrial would be unfortunate, but he was very careful to say, while he hoped they would come to an agreement, he had no desire to force or coerce a verdict. In doing so he exercised the prerogative of a judicial officer, and in his instruction there is nothing which warrants a new trial." While his Honor in the case at bar told the jury "it is your duty to decide it," he immediately followed this instruction with the words "it is your duty to *try* to come to some agreement," and "I am not trying to force you to agree." We think the instructions when read as a whole left the jury free "to try to come to some agreement" uninfluenced by the fact that a mistrial would result in additional cost to the county, and that there was no breach of the judicial prerogative.

No error.