### STATE v. CLYDE OXENDINE.

(Filed 3 January, 1945.)

**1. Assault and Battery § 10—**

In a prosecution for assault with a deadly weapon (a shotgun), inflict-ing serious injuries, it is competent for the prosecuting witness to testify to approximately how many shot went into his head to show the serious-ness of the injury, when he had formerly testified that he knew how many shot he had been told went into his head, there being nothing in the record to support the assumption that the former statement was based upon the latter.

STATE *v.* OXENDINE.

**2. Evidence § 27: Criminal Law § 81c—**

Objection to the introduction of evidence is waived, where other evidence to the same effect is later admitted without objection.

**3. Evidence § 22: Criminal Law § 41b—**

Where a witness on cross-examination admits that he has been convicted of an assault, on redirect examination the witness may explain such testimony.

**4. Assault and Battery § 10—**

Upon trial on an indictment for an assault with a deadly weapon, inflicting serious injury, where it was in evidence that the defendant had said he was going to kill the prosecuting witness because he had shot defendant's best friend, the testimony of prosecuting witness, that he had shot a brother-in-law of defendant on the night of his assault, was competent to explain the previous testimony and to establish motive.

**5. Same—**

In a criminal prosecution for assault, the prosecuting witness may testify that he had arrested defendant for being drunk to establish motive for the assault.

**6. Assault and Battery § 11—**

On trial upon an indictment for assault with a deadly weapon with intent to kill, causing serious injury, where the State's evidence tended to show a motive for revenge, threats by the defendant to shoot prosecuting witness and attempt to acquire shotgun shells by defendant, who was 100 yards or so from the scene of the shooting going in the direction of the place where prosecuting witness was shot with a shotgun, and soon after the crime a shotgun, recently fired, was found in the home of defendant, who stated to the officers that he had shot prosecuting witness, motion for judgment of nonsuit, G. S., 15-173, was properly denied.

**7. Criminal Law § 51—**

The solicitor may comment on all the evidence, in a criminal prosecution, and he may draw reasonable inferences therefrom, and also make application of the law thereto.

**8. Criminal Law § 2—**

Upon trial on an indictment for a crime, an essential element of which is intent, there is no prejudicial error in a charge that intention is an act or emotion of the mind, seldom, if ever, capable of direct or positive proof, which is to be arrived at by just and reasonable deductions from the facts and acts proven.

**9. Trial § 29a: Criminal Law § 53a—**

When a charge, considered as a whole in the same connected way in which it was given, presents the law fairly and correctly, it affords no ground for reversal, though some of the expressions, when standing alone, might be regarded as erroneous.

APPEAL by defendant from *Burgwyn, Special Judge,* at May Term, 1944, of ROBESON.

The defendant was tried upon a bill of indictment charging that he "did unlawfully, wilfully and feloniously assault C. S. Warriax with a certain deadly weapon, to wit: Shotgun, with the felonious intent to kill and murder the said C. S. Warriax, inflicting serious injuries, not resulting in death, upon the said C. S. Warriax, to wit: serious injuries about the head and body caused by being assaulted with deadly weapon, against the form of the statute in such case made and provided and against the peace and dignity of the State." The jury returned a verdict that the "said defendant, Clyde Oxendine is guilty as charged," and the court pronounced judgment that "the defendant be confined in State's Prison for not less than seven or more than ten years," from which judgment the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Varser, McIntyre & Henry and F. D. Hackett for defendant, appellant.*

SCHENCK, J. The first group of assignments of error set out in appellant's brief is presented under the first question posed in his brief, namely: "Did the Court err in admission of testimony offered by the State?"

The first of these assignments relates to the testimony of the prosecuting witness Warriax that "there were approximately 150 shot in his head." The defendant objected to the testimony and moved to strike it from the record. The court overruled the objection as well as the motion to strike, and defendant excepted. The defendant bases his exception upon the theory that the witness had formerly testified that "he knew how many (shot) he had been told went in there" (his head), and that therefore the testimony was hearsay. It does not appear in the record that the witness made the statement that he knew approximately how many shot went into his own head immediately following his statement that he knew how many shot he had been told went in his head, and there is nothing in the record that supports the assumption that the former statement was based on the latter statement; the former statement could have been as readily based on his suffering or his sense of feeling. It was clearly competent for the witness to testify to approximately how many shot went into his own head—this for the purpose of showing the seriousness of the injury, if nothing else. This assignment of error is not sustained.

The second assignment of error relates to the testimony of a witness for the State to the effect that a gun found in the defendant's home smelled as if the powder therein had been recently fired. It would seem that this testimony would be competent on the question as to whether the defendant fired the gun, but however this may be, any value which the exception might originally have had was waived by testimony of a number of witnesses to the same effect in the record without objection. *S. v. Hudson,* 218 N. C., 219 (230), 10 S. E. (2d), 730. This assignment of error is not sustained.

The third assignment of error relates to the testimony of a State's witness in explaining on redirect examination his testimony given on cross-examination. The witness was interrogated on cross-examination and had admitted that he had been convicted of an assault, and the testimony assailed by this exception was the explanation given by the witness on redirect examination of his testimony on cross-examination. Such testimony was competent. *S. v. Orrell,* 75 N. C., 317.

The fourth assignment of error relates to the testimony of the prosecuting witness to the effect that he had shot a brother-in-law of the defendant on the night of the assault. In view of the fact that it was in evidence that the defendant had said he was going to kill the prosecuting witness because he (witness) had shot his (defendant's) best friend, the testimony was merely an explanation of previous testimony, and was also clearly admissible to establish motive. *S. v. Hudson, supra; S. v. Lefevers,* 216 N. C., 494, 5 S. E. (2d), 55.

The fifth assignment of error relates to the admission, over objection, of testimony of the prosecuting witness to the effect that he had arrested the defendant for being drunk. This assignment is untenable as the testimony tends to establish a motive for the shooting of the witness by the defendant, which, though not necessary to be shown, was competent to be shown. *S. v. Lefevers, supra.*

The sixth assignment of error set out in the plaintiff's brief is to the refusal of the court to allow the defendant's motion for a judgment of nonsuit duly lodged under G. S., 15-173, when the State had introduced its evidence and rested its case. The essential elements of the offense with which the defendant was charged are (1) that the defendant, Oxendine, assaulted the prosecuting witness, Warriax, (2) that the assault was committed with a deadly weapon, (3) that the assault was committed with intent to kill the prosecuting witness, (4) that serious injury was inflicted upon the prosecuting witness by the assault, and (5) that the assault did not result in the death of the prosecuting witness. Taking the evidence in the light most favorable to the State it discloses a motive for the shooting of the prosecuting witness, the motive being revenge for the fact that the prosecuting witness, in the performance of his duties as

a policeman, had shot the brother-in-law and friend of the defendant; threats on the part of the defendant to shoot the prosecuting witness; the defendant attempted to acquire a shotgun shell, that the defendant was 100 or 150 yards from the scene of the shooting, going in the direction of where the shooting took place; that the prosecuting witness was shot with a shotgun; that soon after the shooting a shotgun was found in the home of the defendant which had recently been fired; and, finally, the defendant made a statement to the officers that he had shot the prosecuting witness. A mere statement of the evidence is in itself a sufficient answer to the exception, and renders citation of authority unnecessary.

The defendant offered no evidence.

There appears in the record the following: "During the argument of the Solicitor, the defendant objected to the Solicitor's argument with reference to the 12 gauge shell. The Solicitor stated that the defendant had a size shell that didn't fit his gun. The shell he had wasn't the kind that he wanted to shoot this man with. The Solicitor said a 16 shell would not have the force behind it that a 12 gauge would have had. The Solicitor said a 12 gauge shell would have carried his head on with it. The court declined to interfere with the Solicitor's argument and overruled defendant's objection thereto, and the defendant excepted. Exception No. 7."

A witness for the State testified that the defendant a short time before the shooting asked him if he had a 12 gauge shell, and at the time the defendant had a shell of some sort in his hand. The prosecuting witness testified that if he had been shot with a 12 gauge shell it would have blown the top of his head off. With this evidence before the court, it is not perceived how the Solicitor extended the latitude of his prerogative in making the argument assailed by the assignment of error. The Solicitor may comment on all the evidence, and draw reasonable inferences therefrom, and may also make application of the law thereto. This assignment is untenable.

With a few omissions Exceptions No. 8 to No. 38, both inclusive, are disposed of in the appellant's brief with the following comment: "The foregoing exceptions present the same contentions as are set forth in the second question and are aimed at the action of the court below in submitting the case to the jury and the same argument applies to these as applies to the exception to the nonsuit." Having disposed of the motion for judgment of nonsuit, further comment on these exceptions would be superfluous.

Exception No. 14 is directed specifically to that portion of the judge's charge in which it is said that intention is an act or emotion of the mind, seldom, if ever, capable of direct or positive proof, which is to be arrived at by just and reasonable deductions from the facts and acts proven.

This charge would seem to be sustained by *S. v. Smith,* 211 N. C., 93, 189 S. E., 175, a case wherein the defendant was tried for burglary in the first degree, an essential element of which crime is the intent as in the instant case. Certainly there is no prejudicial error in such charge, and the assignment of error is therefore untenable.

There are many assignments of error to the charge, some of which, if considered alone, might be subject to criticism, but when the charge is considered as a whole in the same connected way in which it was given it presents the law fairly and correctly, and, therefore, affords no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous. *S. v. Exum,* 138 N. C., 599, 50 S. E., 283; *S. v. Smith, supra.*