## WALTER LEE GIBBS v. STANLEY ARMSTRONG.

(Filed 28 February, 1951.)

**1. Appeal and Error § 39e—**

Exception to the admission of evidence cannot be sustained when it appears that testimony of the same import was thereafter admitted without objection.

**2. Same—**

The exclusion of evidence will not be held for reversible error when it does not appear what the testimony of the witness would have been.

**3. Appeal and Error § 39f—**

Exception to the charge will not be sustained when the charge construed contextually is without substantial error.

APPEAL by defendant from *Godwin, Special Judge,* October Term, 1950, of HYDE. No error.

This was an action to recover possession of a cow alleged to be wrongfully detained by the defendant. There was verdict that plaintiff was the owner and entitled to the possession of the described cow, and from judgment in accord therewith defendant appealed.

GIBBS *v.* ARMSTRONG.

*Geo. T. Davis for plaintiff, appellee.*
*LeRoy Scott and O. L. Williams for defendant, appellant.*

DEVIN, J.  According to plaintiff's testimony the cow now in suit was born in 1945 of a cow belonging to the plaintiff, and at four months was marked with "an over-square both ears and under-bit right ear." This mark or brand had been duly registered under G.S. 80-47. In 1947 the cow now two years old was impounded damage feasant on the premises of Willie J. Spencer, and plaintiff notified. In consequence plaintiff en route to recover the cow discovered that the defendant Armstrong had already taken possession of the cow, claiming it as his own. Plaintiff testified that on examination he recognized the cow as his and found the marks he had originally put on her.

The defendant on the other hand testified the cow was his, that he had raised it from a calf, and that it had disappeared from his premises in October, 1946. He testified the next time he saw the cow it was at Willie J. Spencer's in December, 1947, and that he identified her by a cut place on her leg, a birthmark on her side and on one udder, and by her color. When the cow disappeared in 1946 it was marked on the ear with a "hog ring," and there were then no marks on the upper part of the ear. The defendant identified the cow as his. There was other testimony for plaintiff and defendant tending to support the rival contentions.

It is apparent that a clear cut issue of fact was raised by the testimony as to the ownership of the cow. The jury, after hearing all the evidence, decided in favor of the plaintiff, and we are not disposed to overrule their decision.

The defendant noted exception to the testimony of the plaintiff that Willie J. Spencer had sent him word he had one of his cows. However, it appears that Willie J. Spencer testified without objection that he had sent word to the plaintiff to this effect and to come and get his cow. So it would seem no harmful result to the defendant may be predicated on the court's ruling. *Hobbs v. Coach Co.,* 225 N.C. 323 (331), 34 S.E. 2d 311; *S. v. Oxendine,* 224 N.C. 825 (828), 32 S.E. 2d 648. Other exceptions to the testimony noted by defendant related to unanswered questions (*S. v. Utley,* 223 N.C. 39 (45), 25 S.E. 2d 195), or were immaterial. *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863.

Defendant also assigns error in the court's charge to the jury for that the court failed to define correctly the term greater weight of the evidence, but, on examination of the charge as a whole and considering it contextually, we discover no substantial error therein in this respect.

In the trial we find

No error.