STATE v. ALFRED BARNES.

(Filed 23 November, 1955.)

**1. Criminal Law § 53p—**

The charge of the court as to the duty of the jury to make a diligent effort to arrive at a verdict *held* proper.

**2. Criminal Law § 54f—**

The spontaneous statement of one of the jurors when the jury returned to the courtroom that the jury stood ten for conviction and two for acquittal *held* innocuous.

APPEAL by defendant from *Gwyn, J.,* April Term, 1955, RICHMOND. No error.

Criminal prosecution in which the bill of indictment is laid under G.S. 14-33 (b) (3).

The defendant, a male person over eighteen years of age, was convicted of an assault upon his wife. There was judgment on the verdict, and defendant appealed.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Joe M. Cox for defendant appellant.*

PER CURIAM. This case is essentially a controversy as to the facts. The jury, having heard the sharply conflicting testimony, resolved the issue against the defendant. His assignments of error fail to point out prejudicial error in the trial which would justify a new trial. The charge of the court as to the duty of the jury to make a diligent effort to arrive at a verdict was well within the bounds of the decisions of this Court. *S. v. Pugh,* 183 N.C. 800, 111 S.E. 849; *S. v. Brodie,* 190 N.C. 554, 130 S.E. 205; *S. v. Lefevers,* 216 N.C. 494, 5 S.E. 2d 552. The spontaneous statement of one of the jurors when the jury returned to the courtroom that the jury stood ten for conviction and two for acquittal was innocuous. In the trial below we find

No error.