STATE v. JOE GREEN.

(Filed 16 October, 1957.)

**1. Rape § 4—**

The evidence in this case, considered in the light most favorable to the State, *is held* sufficient to be submitted to the jury on the question of defendant's guilt of the crime of rape, defendant's contradictory evidence of the consent of prosecutrix being disregarded on motion to nonsuit.

**2. Criminal Law § 98—**

Conflicts in the testimony, the weight of the evidence, and the credibility of witnesses are all matters for the jury.

**3. Rape § 24: Criminal Law § 3—**

There is no such offense as an attempt to commit rape, but the offense is an assault with intent to commit rape, and therefore the solicitor's statement that he would ask for a verdict of guilty of rape with recommendation

of life imprisonment or of guilty of an attempt to commit rape cannot have the effect of limiting the court's duty to submit to the jury the question of defendant's guilt of less degrees of the crime of rape supported by the evidence.

**4. Criminal Law § 109: Rape § 27—**

Where the State's evidence, in a prosecution under an indictment charging the felony of rape, is sufficient to support the charge, but defendant testifies that prosecutrix consented and there is conflict in the evidence in other respects, it is incumbent on the court to submit also the question of defendant's guilt of assault with intent to commit rape, or guilt of assault upon a female, or of not guilty, it being the mandatory duty of the court to submit to the jury the less degrees of the offense which are supported by the evidence. G.S. 1-180.

**5. Rape § 25—**

The charge of the court on the question of defendant's guilt of assault with intent to commit rape *held* without error.

**6. Assault and Battery § 16: Criminal Law § 109—**

Where there is no evidence of a simple assault, the court properly refuses to submit the question of defendant's guilt of such less offense.

**7. Criminal Law § 116—**

The court may properly instruct the jury as to their duty to make a diligent effort to arrive at a verdict when the court's language in no way tends to coerce the jury or to intimate in the slightest any opinion of the court as to what the verdict should be.

**8. Same: Criminal Law § 98—**

It is not error for the court, upon inquiry by a juror, to tell the jury the punishment for the offense in question.

APPEAL by defendant from *Pless, J.,* February-March Term 1957 of CALDWELL.

Criminal prosecution upon a bill of indictment charging the felony and crime of rape upon a 16-year-old female child by a male person over 18 years of age. G.S. 14-21.

At the outset of the trial the Record shows this announcement by the solicitor for the state:

"The State will not ask for a verdict of guilty of the capital crime carrying the death penalty, but will ask for a verdict of guilty of rape, with the recommendation of life imprisonment or guilty of attempt to commit rape, as the facts and law may justify."

The judge instructed the jury that they might return one of four verdicts: Guilty of rape with a recommendation of life imprisonment, G.S. 14-21; guilty of an assault with intent to commit rape, G.S. 14-22; guilty of an assault upon a female, G.S. 14-33; not guilty.

Verdict: Guilty of an assault with intent to commit rape.

From a judgment of imprisonment the defendant appeals.

*George B. Patton, Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*W. H. Strickland for Defendant, Appellant.*

PARKER, J.  The defendant assigns as error the denial of his motion for judgment of nonsuit renewed at the close of all the evidence. It would benefit no one to stain the pages of our Reports with a recital of the sordid details of the evidence.  Suffice it to say that there is competent, substantial evidence, which taken in the light most favorable to the State, tends to show that the defendant, a married man living with his wife and child, assaulted a female child 16 years of age, and ravished and carnally knew her by force and against her will.  The court properly submitted the case to the jury.  *S. v. Reeves*, 235 N.C. 427, 70 S.E. 2d 9.  The defendant's evidence tends to show intercourse by consent. Conflicts in the testimony, the weight of the evidence, the credibility of witnesses are all matters for the jury, not the court.  *S. v. Hovis*, 233 N.C. 359, 64 S.E. 2d 564.

The defendant assigns as error that the court in its charge submitted to the jury the question of the defendant's guilt of the crime of an assault with intent to commit rape, and his guilt of the crime of assault upon a female, because such a question "was not before the court," because of the solicitor's statement at the beginning of the trial that he would ask for a verdict of guilty of rape with a recommendation of life imprisonment, or guilty of an attempt to commit rape, and further because there is a distinction between the attempt to commit rape and an assault with intent to commit rape, and further because the evidence shows the defendant is guilty of rape or not guilty.  This Court said in *S. v. Hewett*, 158 N.C. 627, 74 S.E. 356, a statement quoted with approval in *S. v. Adams*, 214 N.C. 501, 199 S.E. 716: "There is no such criminal offense as an 'attempt to commit rape.'  It is embraced and covered by the offense of 'an assault with intent to commit rape,' and punished as such."  See 75 C.J.S., Rape, p. 488.

The indictment properly charges the felony and crime of rape, and also an assault upon a female by a male person over 18 years of age. An assault with intent to commit rape is a lesser degree of the felony and crime of rape.  It is well settled with us that an indictment for rape includes an assault with intent to commit rape.  G.S. 15-170; *S. v. Roy* and *S. v. Slate*, 233 N.C. 558, 64 S.E. 2d 840.  G.S. 15-169 provides that "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault

against the person indicted." In *S. v. Roy* and *S. v. Slate, supra,* the indictment charged rape. The jury found the defendant Roy guilty of an assault with intent to commit rape, and the defendant Slate guilty of an assault on a female. This Court found no error in the trial.

The instant case is not one where the uncontradicted evidence shows that the crime of rape has been committed like *S. v. Brown,* 227 N.C. 383, 42 S.E. 2d 402, where the defense was insanity, and *S. v. Smith,* 201 N.C. 494, 160 S.E. 577, where the defense was an alibi, in which cases it was held that it was not requisite to charge upon any lesser offenses. The State's evidence in this case, if believed to its fullest extent, established the crime of rape. The defendant testified the intercourse was with her consent. The evidence was conflicting in other respects. It would have been error for the court not to have charged the jury on the lesser offenses, as it did. *S. v. Williams,* 185 N.C. 685, 116 S.E. 736. The solicitor's statement at the beginning of the trial did not relieve the court of its mandatory duty under G.S. 1-180 to declare and explain to the jury the law arising on the evidence given in the case.

Under this same assignment of error the defendant contends that the charge on an assault with intent to commit rape was error. The contention is without merit. The charge in that respect is in accord with what is said in *S. v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191, and the cases there cited.

There was no evidence of a simple assault to submit to the jury. *S. v. Robbins, ante,* 332, 98 S.E. 2d 309.

After the jury had been out for some time, the judge sent for them, and instructed them as to their duty to make a diligent effort to arrive at a verdict. His language in no way tended to coerce or force the jury to arrive at a verdict, nor did it intimate in the slightest any opinion of the judge as to what the verdict should be. What the judge said did not transgress beyond the bounds of our decisions. *S. v. Pugh,* 183 N.C. 800, 111 S.E. 849; *S. v. Brodie,* 190 N.C. 554, 130 S.E. 205; *S. v. Lefevers,* 216 N.C. 494, 5 S.E. 2d 552; *S. v. Barnes,* 243 N.C. 174, 90 S.E. 2d 321. The assignment of error thereto is overruled.

When the judge recalled the jury, a juror asked what was the punishment for an assault with intent to commit rape. The judge replied that the maximum punishment was 15 years. The juror then said, "it would be in the discretion of the court?" The judge replied, "Yes." The defendant assigns as error the judge telling the juror what the punishment for this offense was. This assignment of error is overruled upon the authority of *S. v. Garner,* 129 N.C. 536, 40 S.E. 6. The judgment of the court was confinement for not less than 20 nor more than 24 months.

The defendant has 22 assignments of error, which are brought forward and stated in his brief. Nearly all of these assignments of error

STATE *v.* GREEN.

set forth in his brief are supported by no citation of authority. All have been examined, and all are overruled. No assignment of error points out prejudicial error in the trial which would justify a new trial. The evidence was in sharp conflict. The triers of the facts heard the evidence, and have spoken. The defendant must abide by his punishment for his offense against the 16-year-old girl in this case.

No error.