STATE v. WARREN WALTER McKISSICK, JR.

(Filed 2 November, 1966.)

**Criminal Law § 116—  Additional instruction held prejudicial as coercing jury to reach verdict notwithstanding conscientious convictions of minority.**

After the jurors had deliberated for several hours the court called them back and instructed them to the effect that the jury should consider the case until it exhausted every possibility of an agreement, that disagreement of the jury would require a retrial at further expense, that the court could not and did not want to force or coerce an agreement, but that it was the duty of the jury to reach a verdict if possible, and that they should retire and consider the matter further. *Held:* In the absence of an instruction to the effect that no juror should surrender his conscientious convictions or his free will and judgment in order to agree, the additional instruction must be held prejudicial as susceptible to the construction by the minority that it should surrender its conscientious convictions in order to reach a verdict.

APPEAL by defendant from *McLean, J.,* 9 May 1966 Criminal Session of MECKLENBURG.

Criminal prosecution upon an indictment charging defendant on 10 February 1966 with robbery by the use of a deadly weapon, to wit, a pistol, of Richard Neff of $89 in lawful money of the United States, a violation of G.S. 14-87.

Plea: Not guilty. Verdict: "Guilty of armed robbery as charged in the bill of indictment."

From a judgment of imprisonment, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, and Trial Attorney Robert G. Webb for the State.*

*Charles V. Bell and J. Levonne Chambers for defendant appellant.*

PARKER, C.J.  The State and defendant offered evidence. The judge charged the jury. After the jury had deliberated in their room for several hours, the judge had them brought back into the courtroom and asked them if they had agreed upon a verdict. The jury answered, No. The court then charged them as follows, which defendant assigns as error:

"Well, members of the jury, a Judge cannot discharge a jury lightly. You must consider this case until we have exhausted every possibility of an agreement.

"I presume you realize what a disagreement means. It means that this case will have to be retried at further expense.

"I do not want to force or coerce you into agreement and

could not if I wished to do so. But still it is your duty as intelligent men and women to consider the evidence, reason the matter over among yourselves and come to an agreement.

"A mistrial is always a misfortune in any case or to any County.

"Jurors, if they cannot render a verdict, are entirely useless.

"It is the duty of jurors, if possible, to render a verdict and I hope you can retire and consider the matter further, reason with each other as intelligent men and women and come to an agreement. You may retire."

Defendant contends that the above quoted statement from the charge was coercive and intimidating, and compelled an unwilling jury, or part of them, to surrender their unfettered and unbiased judgment, and reach and return a verdict.

In *Wissel v. United States,* 22 F. 2d 468, it is said: "The cases all recognize that the surrender of the independent judgment of a jury may not be had by command or coercion. . . . A judge may advise, and he may persuade, but he may not command, unduly influence, or coerce."

In *Trantham v. Furniture Co.,* 194 N.C. 615, 140 S.E. 300, Brogden, J., with his usual accuracy and clarity, speaking for the Court said: "It [the verdict of a jury] should represent the concurring judgment, reason and intelligence of the entire jury, free from outside influence from any source whatever. The trial judges have no right to coerce verdicts or in any manner, either directly or indirectly, intimidate a jury."

An instruction in substantially identical words as here was found no ground for a new trial by this Court in *S. v. Brodie,* 190 N.C. 554, 130 S.E. 205, with the exception that in the *Brodie* case the judge did not instruct the jury, as the judge did in this case, as follows: "You must consider this case until we have exhausted every possibility of an agreement."

In *S. v. Lefevers,* 216 N.C. 494, 5 S.E. 2d 552, the court instructed the jury as follows:

"That this case took a good little time to try and about a half a day in the argument and the charge of the court and some jury in this county have to pass on it, and you have been selected and sworn to decide, and it is your duty to decide it because it is an expense to the county to retry it. And it is your duty to try to come to some agreement. I am not trying to force you to agree on this case and you may go back to the jury room and continue your deliberations. . . . Remember about

the expense of this case and the fact that someone has to try it. You are intelligent men and can try it as well as any men in the county."

In finding no error in this charge, the Court said:

"While his Honor in the case at bar told the jury 'it is your duty to decide it,' he immediately followed this instruction with the words 'it is your duty to *try* to come to some agreement,' and 'I am not trying to force you to agree.' "

In *S. v. Barnes*, 243 N.C. 174, 90 S.E. 2d 321, this Court in a *Per Curiam* opinion found no error in the following charge to a jury which had been out several hours without arriving at a verdict (We have copied the quoted part of the charge from the case on appeal on file in the office of the clerk of this Court.):

"Gentlemen of the Jury, if you may reconcile any differences you may have under the evidence and render a verdict, the court would express the hope that you do so. If this jury fails to render a verdict, it would then become necessary to call upon another jury to pass upon the case. I have no reason to believe that another would have more intelligence or be better qualified than this jury to make the decision. *Even so, the court would have the jury bear in mind that each person is the keeper of his own conscience, and the court would not have a juror to do violence to his own conscience in order to render a verdict.* You may retire and deliberate further." (Emphasis ours.)

In *S. v. Green*, 246 N.C. 717, 100 S.E. 2d 52, the Court found no error in the following charge to a jury which had been out for some time without arriving at a verdict (We have copied the quoted part of the charge from the case on appeal on file in the office of the clerk of this Court.):

"Gentlemen of the Jury, *I don't want any member of the jury to surrender any conscientious opinion* that he has about this matter, but you know the reason we select a jury and let twelve jurors discuss the case is so that each member of the jury can express his opinion, and also consider the opinion of his fellows. It is very rare that all twelve would have the same opinion to begin with. We want the benefit of your combined judgment, and it may be that you have an idea that you want your fellow members to consider. Maybe some of the others have ideas that you ought to consider. In the final analysis, Gentlemen, we are seeking to determine the truth of the mat-

ter, and so far as I know you gentlemen have all the information or all of the evidence available in the case. If we should have a failure of agreement now, it would mean that the case would have to be tried over again, which would mean added expense, and in its final analysis, some twelve men are going to have to decide this case, and inasmuch as you gentlemen have all the evidence any other twelve would have, I am hoping that you can determine it, *but as I stated at the outset, I do not ask and would not permit a single one of you gentlemen to participate in a verdict that did not reflect your conscientious opinion. I don't ask or want you to do that.* I do want you to consider the views of your fellows. I might say there is not any reason to hurry in the case. This is a two weeks term, and you have until Saturday night. You don't have to hurry, but suppose you go out and try it again, and don't give up too soon." (Emphasis ours.)

In *In re Will of Hall,* 252 N.C. 70, 113 S.E. 2d 1, the jury had deliberated for approximately seven and one-half hours and had been unable to arrive at a verdict. The trial judge caused them to return to the courtroom and delivered the following instruction to them, which this Court held was without error:

"I presume you gentlemen realize was (what) a disagreement means. It means, of course, that it will be another week of the time of the Court that will have to be consumed in the trial of this action again. I don't want to force you or coerce you in any way to reach a verdict, but it is my duty to tell you that it is the duty of the jurors to try to reconcile their differences and reach a verdict *if it can be done without any surrender of one's conscientious convictions.* You have heard the evidence in the case. A mistrial, of course, will mean that another jury will have to be selected to hear the case and evidence again. And the Court recognizes the fact that there are sometimes reasons why jurors cannot agree. *The Court wants to emphasize the fact that it is the duty of jurors to do whatever they can to reason the matter over together as reasonable men and to reconcile the difference, if such is possible, without the surrender of conscientious convictions and to reach a verdict.* I will let you resume your deliberations and see if you can." (Emphasis ours).

"What amounts to improper coercion of a verdict by a trial court necessarily depends to a great extent on the facts and circumstances of the particular case and cannot be determined by any general or definite rule. . . . In urging the jury to agree on a ver-

dict, the court should emphasize that it is not endeavoring to inject its ideas into the minds of the jurors and that by such instruction the court does not intend that any juror should surrender his own free will and judgment, and these ideas should be couched in language readily understood by the ordinary lay juror." 89 C.J.S., Trial, § 481, p. 128. See elaborate annotation in 85 A.L.R. 1420, entitled "Comments and conduct of judge calculated to coerce or influence jury to reach verdict in criminal case."

The instruction in the *Barnes* case, the instruction in the *Green* case, and the instruction in the case of *In re Will of Hall* were each to the effect that no juror should surrender his conscientious conviction in order to agree on a verdict. The challenged instruction in the instant case begins in the second sentence with the words, "You must consider this case until we have exhausted every possibility of an agreement," and fails to instruct the jury that no one of them should surrender his conscientious convictions or his free will and judgment in order to agree upon a verdict. The challenged instruction might reasonably be construed by a minority of the jury as coercive, suggesting to them that they should surrender their well-founded convictions conscientiously held or their own free will and judgment in deference to the views of the majority, and concur in what really is a majority, rather than a unanimous, verdict. See *United States v. Rogers*, 289 F. 2d 433.

Defendant is entitled to a

New trial.