STATE OF NORTH CAROLINA v. TIMOTHY I. HIATT
No. 6921SC107

(Filed 5 February 1969)

1. **Criminal Law § 91—** *continuance as of right under G.S. 1-180.1 —*
**comment by judge on verdict**

In a prosecution for driving while under the influence of intoxicants, defendant was not entitled as of right under G.S. 1-180.1 to have his case continued for the session by the fact that on the preceding day the trial judge, in the presence of all jurors, discharged from further service a jury which had returned a verdict of not guilty in a driving under the influence case where the judge made no comment concerning the verdict returned by the discharged jury.

2. **Criminal Law § 101—** **discharge of jury**

A trial judge has the discretionary power to discharge a jury from further service.

3. **Criminal Law §§ 91, 101—** **discharge of jury in presence of other jurors**

G.S. 1-180.1 does not require the trial judge to exercise his prerogative of discharging a jury from further service in the absence of other jurors summoned for the session.

APPEAL by defendant from *Armstrong, J.,* 23 September 1968 Three-Week Criminal Session, FORSYTH Superior Court.

The defendant was charged in the Municipal Court of the City of Winston-Salem under a warrant alleging that on or about 23 July 1967 he did unlawfully and wilfully drive a vehicle upon U.S. 52 while under the influence of intoxicating liquor. From a conviction in the municipal court, he appealed to the superior court.

Defendant was found guilty by a jury in superior court and from judgment imposed on the verdict, he appealed to this Court.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Wilson & Morrow by John F. Morrow for defendant appellant.*

BRITT, J.

Defendant's sole assignment of error is to the refusal of the trial judge to grant defendant's motion for a continuance of his case for the session.

[1] From the record before us, we glean that when defendant's case was called for trial on 10 October 1968, the trial judge, in chambers and in the absence of prospective jurors, denied defendant's

motion that his case be continued for the session for the reason that on the preceding day the trial judge, in the presence of all jurors, discharged from further service a jury which had returned a verdict of not guilty in a driving under the influence case. The record further indicates that when the jury was discharged, the judge made no comment concerning the verdict.

Defendant contends that he was entitled to have his case continued by reason of G.S. 1-180.1 which provides as follows:

> "§ 1-180.1.  *Judge not to comment on verdict.* — The presiding judge shall make no comment in open court in the presence or hearing of all, or any member or members, of the panel of jurors drawn or summoned for jury duty at any term of court, upon any verdict rendered at such term of court; and if any presiding judge shall make any comment as herein prohibited, or shall praise or criticise [sic] any jury on account of its verdict, whether such comment, praise or criticism be made inadvertently or intentionally, such praise, criticism or comment by the judge shall constitute valid grounds as a matter of right, for the continuance for the term of any action remaining to be tried during that week at such term of court, upon motion of any party to any such action, plaintiff or defendant, or upon motion of the solicitor for the State. The provisions of this section shall not be applicable upon the hearing of motions for a new trial, motions to set aside the verdict of a jury, or a motion made in arrest of judgment."

The assignment of error is without merit and is overruled.

[2, 3]  It is well-established law in this jurisdiction that a trial judge in his discretion has the power to discharge a jury from service. *State v. Pugh*, 183 N.C. 800, 111 S.E. 849. In his brief, defendant's counsel concedes this to be the law and further concedes that the record in this case does not show that the trial judge made any comments other than the minimum comments necessary to discharge the jury. But, defendant contends that when the trial judge exercises his power to discharge a jury from further service, he must do so in the absence of all other jurors summoned for the session.

We do not construe the statute to impose this requirement upon the trial judge. The statute is quite plain in what it prohibits, and no portion of it requires the trial judge to exercise his prerogative in the absence of other jurors.

No error.

MALLARD, C.J., and PARKER, J., concur.