STATE OF NORTH CAROLINA v. KENNETH EARL WEBB

No. 734SC819

(Filed 12 December 1973)

**Rape § 6— submission of assault with intent to rape**

In this rape prosecution, the trial court properly submitted an issue of defendant's guilt of assault with intent to commit rape where the prosecutrix testified the completed acts of sexual intercourse occurred only after defendant assaulted her and that she submitted

against her will because she was afraid for her life, and defendant admitted the assault but testified that the subsequent sexual intercourse was with consent; moreover, had there been error in the submission of such issue, it was favorable to defendant and he has no standing to challenge a verdict of guilty of assault with intent to commit rape.

ON *Certiorari* to review judgment of *Copeland, Judge,* entered at the 25 September 1972 Session of Superior Court held in ONSLOW County.

Defendant was indicted for rape and pled not guilty. The jury found him guilty of assault with intent to commit rape. From judgment on the verdict imposing a prison sentence, defendant gave notice of appeal. The Court of Appeals subsequently granted his petition for certiorari to perfect the appeal.

*Attorney General Robert Morgan by Associate Attorney William A. Raney, Jr. for the State.*

*Ellis, Hooper, Warlick, Waters & Morgan by William J. Morgan for defendant.*

PARKER, Judge.

The sole question presented is whether the trial judge erred in submitting to the jury as a possible verdict defendant's guilt of assault with intent to commit rape. Appellant contends that the State's evidence, if fully believed, established rape, while his evidence, if fully believed, showed at most only a simple assault, and that therefore it was error under the evidence in this case for the trial court to instruct the jury concerning assault with intent to commit rape. We do not agree.

The only witnesses testifying to the crucial events were the prosecutrix and the defendant. Both testified to completed acts of sexual intercourse. The prosecutrix testified these occurred only after defendant assaulted her and that she submitted against her will and because she was afraid for her life. Defendant admitted the assault but testified that the subsequent sexual intercourse was with consent. Under this evidence the jury could find defendant not guilty of rape but guilty of assault with intent to commit rape. *State v. Green,* 246 N.C. 717, 100 S.E. 2d 52. The offense of assault with intent to commit rape is complete if defendant assaults the prosecutrix with intent to force her to engage in sexual intercourse against her will and

notwithstanding any resistance she may make, although she thereafter consents. There was no error in submitting the lesser included offense.

Moreover, had there been error, it would have been favorable to the defendant and he is without standing to challenge the verdict. *State v. Vestal,* 283 N.C. 249, 195 S.E. 2d 297.

In defendant's trial and the judgment appealed from we find

No error.

Chief Judge BROCK and Judge BALEY concur.