STATE OF NORTH CAROLINA v. JOHN WESLEY McCLENDON

No. 7826SC116

(Filed 11 July 1978)

**Criminal Law § 101.4— status of deliberations—statement by jury foreman—mistrial not required**

Defendant was not entitled to a mistrial when the jury foreman advised the court that the jury then stood 11 to 1 for guilty, since defendant failed to show that one juror voting for acquittal was being placed under undue pressure.

APPEAL by defendant from *Friday, Judge*. Judgment entered 30 September 1977, Superior Court, MECKLENBURG County. Heard in the Court of Appeals 31 May 1978.

Defendant was charged with and convicted of armed robbery.

*Attorney General Edmisten, by Associate Attorney Kaye Webb, for the State.*

*Keith M. Stroud, former Assistant Public Defender, for defendant appellant.*

MORRIS, Judge.

The evidence was plenary to support the jury verdict. Defendant does not contend otherwise, although he has included in the record the evidence and the charge of the court to the jury. Neither of these is necessary for an understanding of the arguments presented. The two exceptions taken are to occurrences after the court had instructed the jury and they had begun their deliberation.

The first assignment of error is based on defendant's exception to the court's failure to declare a mistrial on its own motion when the jury foreman advised the court that the jury then stood 11 to 1 for guilty. After the jury had deliberated for some time, the jury returned to the courtroom and the court, in asking for their numerical position, said, "Mr. Foreman, sir, now, please follow the Court's instruction explicitly. The Court would like to know just the number now, one way or the other, how the jury stands; that's all now. Please, just the number, one way or the other." The foreman responded: "We have a vote of eleven for guilty, and one for not guilty."

State v. McClendon

Defendant contends that the court should then, on its own motion, have declared a mistrial because the one juror voting for acquittal was being placed under undue pressure. In *State v. Barnes*, 243 N.C. 174, 90 S.E. 2d 321 (1955), the Court said: "The spontaneous statement of one of the jurors when the jury returned to the courtroom that the jury stood ten for conviction and two for acquittal was innocuous." Defendant has shown no prejudice. This assignment of error is overruled.

By his remaining assignment of error defendant contends that the court committed prejudicial error in its subsequent instructions to the jury relating to their duty to reach a verdict. The instructions are in accord with those approved by our Supreme Court. *See State v. Thomas*, 292 N.C. 527, 234 S.E. 2d 615 (1977). Defendant's contention that they placed undue pressure on the one juror is without merit.

No error.

Judges VAUGHN and MARTIN concur.