### T. B. SHEPHERD v. W. H. SELLERS.

(Filed 21 December, 1921.)

**Evidence—Hearsay—Principal and Agent—Brokers—Commissions.**

> When the controversy is whether or not the owner was to pay his selling agent or broker a commission upon the sale of his lands at a certain price, or whether the price was to be net to him, a witness who has had a conversation with the owner respecting it does not render his evidence incompetent as hearsay, by the use of the words "my impression" or "my understanding," etc., these words referring more or less to the uncertainty of the memory of the witness; nor will the evidence be objectionable as uncertain of the source of this recollection when it may be seen by reference to his answers to other questions that he was testifying to what he had heard the owner say.

APPEAL by defendant from *Long, J.,* at April Term, 1921, of MACON.

Civil action to recover agent's commissions on the sale of certain real estate.

There was evidence adduced on the hearing tending to show that the defendant agreed to pay the plaintiff a reasonable compensation for his services if he would procure a purchaser for the defendant's farm at the price of $5,000.   A sale was effected upon these terms, but the defendant declined to pay the plaintiff, contending that the amount received was to be net, and that plaintiff agreed to look to the purchaser for his commissions.

Upon the traverse and issues thus joined, there was a verdict and judgment in favor of the plaintiff. Defendant appealed, assigning errors.

*Johnston & Horn, Gilmer A. Jones, and Bourne, Parker & Jones for plaintiff.*
*T. J. Johnston, H. G. Robertson, and R. D. Sisk for defendant.*

STACY, J. The defendant's principal exception is directed to the ruling of the court in allowing the witness Greenwood to give his *understanding* of the contract with respect to the plaintiff's commissions. The witness was being examined as to his conversation with the defendant concerning the matter. He had stated, in answer to a question as to what the defendant had said, if anything, in regard to paying the plaintiff for his services, that he could not remember exactly what was said. He was then asked: "Mr. Sellers did say that he would take $5,000 for the farm, but would not be responsible to Mr. Shepherd for anything?" To this the witness replied: "No; as I understood it, he was to take care of Tom (plaintiff)." Defendant objected, and moved to strike out the answer upon the ground that it comes within the rule prohibiting hearsay evidence; and further, because it does not appear from whom or what source the witness obtained his information or understanding.

It will be conceded that the competency of this evidence must be determined by the fair and reasonable inference as to what the witness intended to say, and did say. Plaintiff insists that the witness was only stating what he understood the defendant to say in regard to the matter, while the defendant contends his impression or understanding may have been, and doubtless was, obtained from some other source. We think the next succeeding question and answer, immediately following the defendant's objection, will suffice to make clear his meaning: "Please state again just what you understood Sellers to say in regard to Shepherd getting a commission?" Answer: "I said I will pay you $5,000, one-third in cash, and you settle with Shepherd, and he said, 'All right.' Now that is what was said." From the foregoing we think it reasonably appears that the witness was giving his understanding of what the defendant had said; and, if this be so, the evidence was competent. *Gilliland v. Board of Education,* 141 N. C., 482.

Speaking to a kindred and somewhat similar question in the case just cited, *Hoke, J.,* delivering the opinion, says: "A witness who undertakes to testify to objective facts and qualifies his testimony by using the terms, 'I think,' or 'I have an impression,' etc., if the witness has had no physical observation or has made no note of the facts, but is merely stating to the court and jury his mental inference or deduction, this, as

a rule, is incompetent. But if the witness has had opportunity to note relevant facts himself, and did observe and note them, and simply qualifies his testimony in this way because his impression or memory is more or less indistinct, this, while in the form of opinion, is really the statement of a fact, and will be so received."

Quite a different question was presented in *King v. Bynum,* 137 N. C., 491, and we do not think our present holding conflicts in any way with the decision in that case.

Upon an examination of the whole case, we have found no material error which would justify our disturbing the verdict and judgment, or the result of the trial.