### STATE v. JAMES WILLIAM FLINCHEM

(Filed 6 November, 1957)

**Automobiles § 71: Criminal Law § 63—**

A lay witness is competent to testify whether or not in his opinion a person was under the influence of an intoxicant on a given occasion

on which the witness observed him, and in a prosecution for driving while under the influence of an intoxicant, the action of the court in sustaining an objection to testimony of defendant's witness to the effect that he had an opinion as to whether defendant on the occasion in question was under the influence of any intoxicant and that the witness thought the defendant was perfectly normal, must be held for prejudicial error.

APPEAL by defendant from *Armstrong, J.,* at August 1957 Term, of WILKES.

Criminal prosecution upon bill of indictment charging that defendant "did unlawfully and willfully operate an automobile upon the public highways of Wilkes County while then and there being under the influence of intoxicating liquors or narcotic drugs, contrary to the form of the statute," etc.

Upon the trial in Superior Court the State offered the testimony of a State Highway patrolman, Mr. Gentry, tending to show that about 11 o'clock on the night in question, 19 January, 1957, he saw defendant stagger as he entered his automobile, and that he, the patrolman, followed along the public highway and, on stopping defendant, smelled on his breath the odor of alcohol—beer, in his opinion; and that in his opinion defendant was under the influence of some intoxicating liquor or narcotic drug to such an extent that his mental or physical faculties, or either of them, were materially impaired; and that he, the patrolman, told defendant "he was under arrest for driving under the influence," and took him to jail. And, on cross-examination, the patrolman testified that in his opinion "defendant had had some beer to drink, and that defendant told him he had had two bottles of beer."

On the other hand, defendant, as a witness for himself, testified that while at the time of his arrest he had drunk part of two bottles of beer, (using his language), "I was just as normal as I am right now. I was not under the influence of any intoxicant. He took me to jail * * * I told him I wanted a blood test." And on cross-examination defendant testified: "I wasn't staggering when I went out to get in my car. Mr. Gentry was mistaken about that. I was walking straight."

Defendant also introduced as his witness one Billy Tom Dowell, who testified: That he was with defendant on the occasion when he was arrested. And in the course of his testimony defendant's attorney undertook to elicit from him whether, in his opinion, defendant was under the influence of any intoxicant, and the following ensued: "Q. Now, do you have an opinion satisfactory to yourself as to whether he was under the influence of some intoxicant the last time you saw him?" State objects. "A. As far as I could tell he was perfectly normal."

Court: "No, you have got to first answer whether you have an opinion or not, then you can say, do you or not, Yes or No?"

Witness: "Yes, I have an opinion. I think he was perfectly normal."

Court: "No, objection sustained."

The above is the subject of defendant's Exception No. 8, assignment of error No. 5.

There are other incidents of similar nature to which other assignments of error relate, as well as other exceptions.

And the record shows that after the jury had come into open court and, in response to inquiry as to whether it had agreed upon a verdict, had stated that it found defendant "Guilty of violating the State Highway Law, but not drunkenness," the court declined to accept such as the verdict, stating that it was not one of the verdicts the court had instructed the jury could return. The court directed the jury to return to jury room, calling attention to instruction given. (Exception No. 1.) The jury upon further deliberation returned a verdict of guilty as charged.

Then the record shows that after verdict a colloquy between the court and attorney for defendant followed in respect to whether judgment would be suspended upon fine and cost. The judgment of the court was that "defendant be confined in the common jail for a term of six (6) months and assigned to do labor under the State Prison Department, as provided by law." Defendant excepted.

And from judgment entered defendant appeals to Supreme Court, and assigns error.

*Attorney General, Assistant Attorney General Love for the state.*

*W. H. McElwee, W. L. Osteen for defendant appellant.*

WINBORNE, C. J.: Among the exceptions taken by defendant in the course of the trial in Superior Court, this Court is of opinion that the matter of exclusion of testimony of the witness Dowell to which Exception No. 8 is directed, constitutes error prejudicial to defendant, and entitles him to a new trial.

In this State a lay witness is competent to testify whether or not in his opinion a person was under the influence of an intoxicant on a given occasion on which the witness observed him. See *S. v. Willard*, 241 N.C. 259, 84 S.E. 2d, 899, and cases there cited.

Since there is to be a new trial, it is not deemed expedient to treat other assignments of error. The matters to which they relate may not then recur.

For error pointed out, let there be a

New trial.