STATE OF NORTH CAROLINA v. BARRY DEAN LINDLEY

No. 110

(Filed 11 December 1974)

1. Criminal Law § 50— opinion evidence — admissibility generally

Opinion evidence is generally inadmissible whenever the witness can relate the facts so that the jury will have an adequate understanding of them and the jury is as well qualified as the witness to draw inferences and conclusions from the facts.

2. Criminal Law § 64— defendant under influence of drugs or intoxicants — opinion testimony

In this jurisdiction a lay witness who has personally observed a person may give his opinion as to whether that person was under the influence of intoxicants or drugs.

3. Automobiles § 126; Criminal Law § 64— defendant under influence of drugs — opinion testimony of arresting officer admissible

A patrol officer with five years experience in enforcement of the motor vehicle laws, including the statutes condemning operation of a motor vehicle while under the influence of either intoxicants or drugs, was competent to express an opinion that defendant was under the influence of some drug where the officer observed the erratic manner in which defendant operated his car, observed his personal demeanor, a white substance on his lips, his pinpoint pupils, the absence of alcohol on his breath, his lack of muscular coordination, his mental stupor, the way he walked, talked and acted, and where the officer, by interrogating defendant, eliminated many other causes which might have accounted for defendant's condition.

4. Automobiles § 127— driving under influence of drugs — sufficiency of evidence

Evidence consisting of testimony by the arresting officer as to defendant's condition was sufficient to be submitted to the jury in this prosecution for operating a motor vehicle on a public highway while under the influence of drugs.

5. Criminal Law § 128— motion to set aside verdict — discretionary matter

Motions to set aside the verdict are addressed to the discretion of the trial court and refusal to grant them is not reviewable in the absence of abuse of discretion.

6. Criminal Law § 127— arrest of judgment — fatal defect on face of record required

Unless some fatal defect appears on the face of the record proper, judgment may not be arrested.

DEFENDANT appeals from decision of the Court of Appeals, 23 N.C. App. 48, 208 S.E. 2d 203 (1974), upholding judgment of *Crissman, J.,* 11 March 1974 Session, RANDOLPH Superior Court.

Defendant was charged in a warrant, proper in form, with operating a motor vehicle on a public highway while under the influence of drugs in violation of G.S. 20-139(b). He was initially tried and convicted in the district court and appealed to the Superior Court of Randolph County for trial *de novo*. There, the only witness to testify was R. L. Thompson, the arresting officer, who had been a member of the State Highway Patrol for five years. The testimony of this witness is narrated in the following paragraphs.

At approximately 4 p.m. on Sunday afternoon, 13 May 1973, Officer Thompson saw defendant driving a car on Rural Road #2458 near Liberty, narrowly missing a bridge railing and weaving from one side to the other. Defendant stopped at the officer's request and got out of his car. He was "very wobbly, unsteady on his feet," the pupils of his eyes were contracted, "almost pinpoint," and there was a white substance on his lips. Two boys and a girl in the car with defendant were in the same condition. Defendant was arrested for driving under the influence of alcohol and taken in the patrol car to the Randolph County Jail in Asheboro. On the way to Asheboro Officer Thompson was unable to smell any odor of intoxicants on defendant's breath and decided he was not under the influence of alcohol. Defendant said he had consumed two and a half to three cans of beer that afternoon and requested a breathalyzer test. This request was refused. At the jail in Asheboro defendant was given physical dexterity tests (standing with feet together and eyes closed, touching the tip of his nose with the tip of his index finger, walking a straight line, etc.) which he was unable to perform. When asked where he thought he was, defendant said he was in Siler City.

Officer Thompson then testified, over objection, that he had an opinion satisfactory to himself, based on defendant's manner of driving, his personal demeanor, his eyes and the way he performed the dexterity tests, that defendant was under the influence of some drug at the time he saw defendant driving his motor vehicle. Summarizing his answer, the officer said he based his opinion on: "The way he drove his car, the way he walked, acted, talked. He was incoherent at times. His eyes were contracted. His pupils rather were contracted. He seemed to be in a daze, in a stupor."

On cross-examination, Officer Thompson testified that he asked defendant what he had been taking and he said nothing.

"I asked him if he had diabetes and he said no and I eliminated that possibility in my mind. . . . I asked him if he had any physical defects. He said 'no.' I asked him was he sick. He said 'no.' I asked him if he limped. He said 'no.' I asked him if he had been injured lately. He said 'no.' I asked him had he been to a doctor or dentist lately. He said 'no.' I asked him if he had been taking any kind of medication."

Defendant's automobile was not searched for drugs and no drugs were found on his person.

The jury found defendant guilty and the court imposed a prison sentence of three months, suspended for three years upon conditions named in the judgment. The Court of Appeals found no error in the trial with Vaughn, J., dissenting. Defendant appealed to the Supreme Court as of right pursuant to G.S. 7A-30(2). Errors assigned will be discussed in the opinion.

*James H. Carson, Jr., Attorney General; H. A. Cole, Jr. and Thomas B. Wood, Assistant Attorneys General, for the State of North Carolina.*

*Phil S. Edwards of the firm of Dark & Edwards, Attorney for defendant appellant.*

HUSKINS, Justice.

Defendant contends the court erred in allowing Officer R. L. Thompson, a lay witness, to testify that after observing defendant at the time of his arrest and on the way to jail he formed an opinion satisfactory to himself that defendant was under the influence of some drug. Admission of such testimony over objection constitutes defendant's first assignment of error.

[1] Opinion evidence is generally inadmissible "whenever the witness can relate the facts so that the jury will have an adequate understanding of them and the jury is as well qualified as the witness to draw inferences and conclusions from the facts. If either of these conditions is absent, the evidence is admissible." Stansbury, North Carolina Evidence, § 124 (Brandis Rev. 1973). *Accord, Beanblossom v. Thomas,* 266 N.C. 181, 146 S.E. 2d 36 (1966); *Wood v. Insurance Co.,* 243 N.C. 158, 90 S.E. 2d 310 (1955); *State v. Cuthrell,* 233 N.C. 274, 63 S.E. 2d 549 (1951).

Although a lay witness is usually restricted to facts within his knowledge, "if by reason of opportunities for observation he

is in a position to judge of the facts more accurately than those who have not had such opportunities, his testimony will not be excluded on the ground that it is a mere expression of opinion. McKelvey on Evidence, 172, 231; *Greensboro v. Garrison*, [190 N.C. 577, 130 S.E. 203 (1925)]; *Hill v. R. R.*, 186 N.C. 475 [119 S.E. 884 (1923)]; *Shepherd v. Sellers*, 182 N.C. 701 [109 S.E. 847 (1921)]; *Marshall v. Telephone Co.*, 181 N.C. 292 [106 S.E. 818 (1921)]." *State v. Brodie*, 190 N.C. 554, 130 S.E. 205 (1925).

[2] It is a familiar rule of evidence in this jurisdiction that a lay witness who has personally observed a person may give his opinion as to whether that person was under the influence of intoxicants. *State v. Flinchem*, 247 N.C. 118, 100 S.E. 2d 206 (1957); *State v. Warren*, 236 N.C. 358, 72 S.E. 2d 763 (1952); *State v. Harris*, 213 N.C. 648, 197 S.E. 142 (1938). Likewise, we have held in recent cases that a lay witness may state his opinion as to whether a person is under the influence of drugs when he has observed the person and such testimony is relevant to the issue being tried. *State v. Fletcher* and *State v. St. Arnold*, 279 N.C. 85, 181 S.E. 2d 405 (1971); *State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968); see 31 Am. Jur. 2d, Expert and Opinion Evidence § 102 (1967).

[3] In this case Officer Thompson observed the erratic manner in which defendant operated his car, observed his personal demeanor, the white substance on his lips, his pinpoint pupils, the absence of alcohol on his breath, his lack of muscular coordination, his mental stupor, and the way he walked, acted and talked. He observed that the other occupants of the car, two girls and a boy, were in the same condition. Especially significant is the fact that Officer Thompson, by interrogating defendant, eliminated many other causes which might have accounted for defendant's condition. By such interrogation he ascertained that defendant was not a diabetic, had no physical defects, was not sick, did not limp, had not been injured, had not seen a doctor or dentist lately, and had not been taking any kind of medication. Possessed of that knowledge, Officer Thompson concluded that defendant was under the influence of some drug. We hold that under these facts a patrol officer with five years' experience in enforcement of the motor vehicle laws, including the statutes condemning operation of a motor vehicle while under the influence of either intoxicants or drugs, is competent to express an opinion, based on the conditions he observed and

on the knowledge gained from interrogation of defendant, that defendant was under the influence of some drug. Officer Thompson was better qualified than the jury to draw inferences and conclusions from what he saw and heard. Stansbury, North Carolina Evidence, § 124 (Brandis Rev. 1973).

[4] Defendant contends the State's evidence was insufficient to be submitted to the jury. Denial of his motion to nonsuit constitutes his second assignment of error. When considering a nonsuit motion the trial court is required to view the evidence in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom. *State v. Vincent,* 278 N.C. 63, 178 S.E. 2d 608 (1971). Furthermore, all evidence actually admitted, whether competent or not, which is favorable to the State must be taken into account and considered by the court in ruling upon the nonsuit motion. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967). Whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it, the motion to nonsuit should be overruled. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968) ; *State v. Norggins,* 215 N.C. 220, 1 S.E. 2d 533 (1939). This assignment is overruled.

Finally, defendant assigns as error the denial of his motions to set aside the verdict and in arrest of judgment.

[5] Motions to set aside the verdict are addressed to the discretion of the trial court and refusal to grant them is not reviewable in the absence of abuse of discretion. *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39 (1960) ; *State v. Reddick,* 222 N.C. 520, 23 S.E. 2d 909 (1943).

[6] Motions in arrest of judgment are ordinarily made after verdict to prevent entry of judgment and are based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503 (1940). Unless some fatal error or defect appears on the face of the record proper, judgment may not be arrested. *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681 (1966). Review is ordinarily limited to a determination of whether error of law appears on the face of the record and whether the judgment is regular in form. *State v. Mallory,* 266 N.C. 31, 145 S.E. 2d 335 (1965). When error does not appear on the face of the record proper, the judgment will be affirmed. *Seibold v. Kinston,* 268

N.C. 615, 151 S.E. 2d 654 (1966). The evidence in a case is no part of the record proper, and defects appearing only by the aid of evidence cannot be the subject of a motion in arrest of judgment. *State v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311 (1952).

Application of the foregoing rules regulating practice and procedure in criminal actions impels the conclusion that defendant's motion in arrest of judgment was properly denied. No error appears on the face of the record proper. The judgment is regular in form and must therefore be sustained. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971).

. For the reasons stated the decision of the Court of Appeals finding no error in the judgment appealed from is

Affirmed.