STATE OF NORTH CAROLINA v. AARON MAYO ROBINSON

No. 762SC1030

(Filed 1 June 1977)

**Homicide § 21.1— sufficiency of evidence**

> Evidence was sufficient to be submitted to the jury in a murder prosecution where it tended to show that defendant had previously beaten and threatened to kill decedent; decedent had taken out a warrant against defendant and had been subpoenaed to testify against him; defendant was aware that decedent was scheduled to testify against him; defendant was seen at decedent's house in an intoxicated condition at the approximate time of the murder; a broken bottle which could have caused decedent's death bore defendant's fingerprints and was found near decedent's blood; and defendant changed shirts between the time he was seen prior to the murder and when he was interviewed shortly thereafter.

APPEAL by defendant from *Peel, Judge.* Judgment entered 30 September 1976 in Superior Court, MARTIN County. Heard in the Court of Appeals 5 May 1977.

Defendant was charged by indictment in proper form with murder. He entered a plea of not guilty to the charge and was convicted by a jury of second-degree murder. Judgment was entered sentencing defendant to imprisonment for a term of 65 to 70 years.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Assistant Attorney General H. A. Cole, Jr., for the State.*

*Clarence W. Griffin for defendant appellant.*

MORRIS, Judge.

By his only assignments of error brought forward on appeal, defendant contends that the trial court erred in denying his motions for a "directed verdict of not guilty" at the close of the State's evidence and again at the close of all the evidence. Defendant's motion should properly have been for judgment as in the case of nonsuit, and we shall treat it as such. *State v. Holton,* 284 N.C. 391, 200 S.E. 2d 612 (1973). On a motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment to be drawn therefrom. *State v. Everette,* 284 N.C. 81, 199 S.E. 2d 462 (1973). Where the evidence is direct, circumstantial or both, if there is evidence from which the jury may find that the offense charged has been committed and that defendant committed it, the motion should be overruled. *State v. Lindley,* 286 N.C. 255, 210 S.E. 2d 207 (1974). Defendant's evidence relating to matters of defense will not be considered in ruling on motion to nonsuit. *State v. Woods,* 286 N.C. 612, 213 S.E. 2d 214 (1975).

The State's evidence tended to show as follows: Until the time of her death, the decedent, Elizabeth Hill, lived in a small house approximately five miles north of Williamston. She had previously resided with defendant in the Williamston Housing Project. On various occasions, neighbors had observed defendant beat and threaten to kill decedent. On one occasion, she took out a warrant charging defendant with assault after he allegedly cut her with a razor blade. At approximately 9:00 p.m. on 15 July 1976, Martin County Deputy Sheriff Plum Rogers went to decedent's residence and delivered a subpoena directing her to be in court the following week in connection with the assault charge against defendant. As Rogers drove away from the Hill house, he noticed defendant walking towards it. Defendant was, in Rogers' opinion, under the influence of intoxicating beverages at the time and was wearing a white short-sleeved shirt. Rogers observed defendant until he saw defendant enter decedent's yard at approximately 9:35 p.m.

At 2:00 a.m. on 16 July, the Williamston Rescue Squad received a call from defendant requesting that they go to the Hill residence. Upon their arrival, the rescue team discovered decedent's body lying in her bedroom. She had sustained a deep gash across the length of her forehead as well as cuts on her

ear and arm. Investigating officers discovered blood at various points on the floor inside the house and on the front porch. Also found on the porch near the bloodstains was a broken wine bottle bearing defendant's fingerprints. An autopsy disclosed that the wound on decedent's head was caused by a blunt object. The cuts on the ear and arm were the result of a sharp pointed object, and could have been caused by a broken bottle.

The police investigators spoke with defendant at approximately 2:30 that same morning, at which time he was wearing a clean long-sleeved shirt. Defendant informed the officers that he had gone to decedent's house at 12:30 a.m. and discovered her dead upon his arrival. Defendant subsequently told the police that he had spent most of the evening of 15 July at the house of Teeny Bell, a friend. He further stated that he had taken a sandwich to decedent at about 6:00 and returned shortly thereafter and remained at Bell's house until 12:30 a.m. Defendant also mentioned that decedent had been served with papers requiring her to go to court the following week. Bell told officers that defendant came to her house at 8:00 p.m. on 15 July but thereafter went to decedent's house and returned at 10:45 p.m. Defendant then remained with her until he left at 12:30 a.m., when he again went to decedent's house. She further stated to the police that defendant, who was wearing a white short-sleeved shirt, came back to her house a few minutes later and announced that decedent was dead.

Thus, in the present case, the State presented evidence which tended to show that defendant had previously beaten and threatened to kill decedent; that decedent had taken out a warrant against defendant and had been subpoenaed to testify against him; that defendant was aware that decedent was scheduled to testify against him; that defendant was seen at decedent's house in an intoxicated condition at the approximate time of the murder; that a broken bottle which could have caused decedent's death contained defendant's fingerprints, and was found near decedent's blood; and that defendant had changed shirts between the time he was seen prior to the murder and when he was interviewed shortly thereafter. We believe, and so hold, that when this evidence is viewed in the light most favorable to the State, *State v. Everette, supra*, it is sufficient to withstand defendant's motions and take the case to the jury. Accordingly, we find

No error.

Judges HEDRICK and ARNOLD concur.