## Commonwealth v. Morris

*John B. Lynch,* Assistant District Attorney for the Commonwealth.

*Walter I. Breslin,* for defendant.

KELLY, *J.,* August 10, 1982—On May 17, 1982, defendant, Raymond Hubert Morris, was tried before a jury for driving under the influence of a controlled substance. The jury was unable to reach a verdict and the court declared a mistrial. On May 26, 1982, defendant made a motion to dismiss the information. Defendant contends that the court declared the mistrial without manifest necessity and that re-trying defendant would be a violation of double jeopardy. The court holds that these contentions

are without merit, however, for other reasons defendant's motion will be granted.

The evidence adduced at trial indicated that the Upper Chichester Police had been summoned to the scene of an automobile accident at a gas station. The police officers who arrived discovered that defendant in this case had driven his car into the building.

Defendant told the officer that he was not hurt. The police testified that defendant appeared to be inordinately concerned with getting gasoline for his car. The testimony of the police indicated that defendant spoke with slurred speech, walked with a staggered gait and his eyes appeared glassy. The officers were unable to detect the odor of alcohol on defendant's breath. This is the apparent basis for the officer's conclusion that defendant was operating the vehicle under the influence of a controlled substance, as opposed to alcohol.

75 Pa. C.S.A. §3731 states:

(a) Offense defined—A person shall not drive any vehicle while:

(2) under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as "The Controlled Substance, Drug, Device and Cosmetic Act," to a degree which renders the person incapable of safe driving. . . .

Thus it can be seen that this offense has two elements. First, that a person be under the influence of a substance which renders him incapable of safe driving. Second, that substance must be a controlled substance.

Whether a jury could validly come to the conclusion under this evidence that a person is under the influence of some chemical substance is uncertain. There is no Pennsylvania case on that question. Regarding alcohol intoxication the Superior Court has

stated, "Intoxication not being a condition outside the realm of observation of ordinary persons, we hold that the testimony of these officers as to appellant's observed state of intoxication was proper." Commonwealth v. Boerner, 268 Pa. Super 168, 172, 407 A.2d 883, 886 (1979). However, since drug use is less common in our society than alcohol use and the symptoms of drug intoxication can vary greatly, it may very well be that drug intoxication is a condition "outside the realm of observation of ordinary persons."

Jurisdictions outside Pennsylvania conflict on whether expert testimony or direct evidence of drug use is necessary to convict a person for driving under the influence of drugs. For example, in Vermont v. Rifkin, 438 A.2d 1122 (1981), a conviction was reversed because expert testimony was held necessary to show that symptoms observed were the result of drug use and that drug use rendered the defendant unable to drive safely. On the other hand, in North Carolina v. Lindley, 286 N.C. 255, 210 S.E.2d 207 (1974), the Supreme Court of North Carolina held that where the police officer observed, "the erratic manner in which defendant operated his car, observed his personal demeanor, the white substance on his lips, his pinpoint pupils, the absence of alcohol on his breath, his lack of muscular coordination, his mental stupor, and the way he walked, acted and talked" the conviction based on this evidence was upheld. However, it must be noted that no case was found where a conviction for operating under the influence of drugs was upheld unless there was some direct evidence that the symptoms of intoxication exhibited by the defendant were caused by drugs. Examples of this type of evidence include the white powder on the lips of the defendant in the above case, possession of drugs

and drug paraphernalia, fresh needle marks, admissions to the use of drugs, and blood tests. See Annotation: Automobiles: Driving Under the Influence, or When Addicted to the Use, of Drugs as a Criminal Offense, 17 A.L.R. 3d 815.

Thus, it is doubtful that a jury could find on this evidence that the actions of this defendant were caused by drugs. It should be noted that in this particular case the only basis for finding that defendant's actions were not caused by a head injury received in the crash might be pure speculation.

Consideration of the second element of the offense under Pennsylvania law is certainly dispositive of this case however. Even if the jury could find that defendant was under the influence of drugs there is nothing at all in the Commonwealth's case that could rationally lead to the conclusion that it was one of the listed controlled substances that defendant was using. See Commonwealth v. McKetta, 469 Pa.223, 364 A.2d 1350 (1976).

There being no circumstances that would justify a guilty verdict in this case, the information is dismissed.