STATE OF NORTH CAROLINA v. WILLIAM CARON HAMMOND

No. 7426SC579

(Filed 6 November 1974)

1. **Burglary and Unlawful Breakings § 6— break-in of poultry cooler — instructions**

In a prosecution for feloniously breaking and entering the cooler of a poultry company, the trial court did not express the opinion that the cooler had in fact been broken into and entered where the judge instructed that the State must prove that it was a building or storehouse which was broken into or entered and the judge inserted parenthetically the statement that "the Court instructs you that the cooler would be a storehouse."

2. **Criminal Law §§ 112, 122— reasonable doubt — additional instructions — repetition not required**

    In giving an additional instruction to the jury, the trial judge was not required to repeat that if the jury had a reasonable doubt they should return a verdict of not guilty, since the judge had given such an instruction fully in the main portion of his charge.

APPEAL by defendant from *Chess, Judge,* 4 March 1974 Session of Superior Court held in MECKLENBURG County.

Defendant, charged with felonious breaking or entering, was convicted of non-felonious breaking or entering and appeals from judgment imposing a 12-month prison sentence.

*Attorney General James H. Carson, Jr. by Assistant Attorney General Norman L. Sloan for the State.*

*Lacy W. Blue for defendant appellant.*

PARKER, Judge.

Appellant makes two assignments of error, both of which relate to additional instructions which the court gave to the jury after it had commenced its deliberations.

[1]  The State's evidence showed that the place illegally entered was the cooler in the building of Southeastern Poultry of North Carolina, Inc., which contained approximately 1200 cases of chickens. In giving additional instructions which the jury requested on the elements of felonious and non-felonious breaking or entering, the judge correctly instructed the jury that one of the elements which the State must prove was that it was a building or storehouse which was broken into or entered. In giving this instruction the judge inserted, parenthetically, the statement that "[t]he Court instructs you that the cooler would be a storehouse." Defendant does not except to the quoted statement as such, but does contend that the judge violated G.S. 1-180 in seeming to express the opinion that the cooler in this case had in fact been broken into or entered. While a strained reading of the charge might grammatically support the construction which defendant now seeks to place upon it, this Court is not bound by the punctuation employed by the court reporter, and we find no reasonable possibility that the jury could have been misled into believing that the judge was expressing any opinion as to whether the evidence had established that the cooler had in fact been broken into or entered. Rather, we think the jury must have understood the quoted instruction to

have the meaning which the judge obviously intended, i.e., that as a matter of law the cooler in question was such a structure as is referred to in G.S. 14-54. So understood, the instruction was correct and the judge did not violate G.S. 1-180.

[2] The second assignment of error is that the judge, in giving the additional instruction, failed to repeat that if the jury had a reasonable doubt they should return a verdict of not guilty of non-felonious breaking or entering. However, the judge had given such an instruction fully and clearly in the main portion of his charge, and it was not necessary that he repeat this as part of the additional instructions given to the jury.

In the trial and the judgment entered we find

No error.

Chief Judge BROCK and Judge MARTIN concur.