STATE OF NORTH CAROLINA v. JOE CEPHUS CARR

No. 7414SC605

(Filed 6 November 1974)

**Criminal Law § 122— urging jury to reach verdict — absence of coercion**

> Where the jury deliberated for some time and the foreman reported that they had made no progress toward a verdict for the preceding two hours, the trial court did not coerce a verdict when he stated that "if you don't agree upon a verdict, some other jury will have to be called in to decide it" and urged the jury to go back and deliberate further, notwithstanding the court failed to include an admonition that no member of the jury should surrender his conscientious convictions in order to agree upon a verdict.

APPEAL by defendant from *Chess, Judge,* 28 January 1974 Session of Superior Court held in DURHAM County.

Defendant was indicted for an assault with a deadly weapon with intent to kill inflicting serious injury. He was found guilty of assault with a deadly weapon inflicting serious injury, and from judgment imposing a two-year prison sentence, appealed.

*Attorney General James H. Carson, Jr. by Assistant Attorney General Edwin M. Speas, Jr. for the State.*

*Clayton, Myrick & McCain by Jerry B. Clayton for defendant appellant.*

PARKER, Judge.

After the jury had deliberated for some time the foreman reported, in response to an inquiry from the judge, that for the preceding two hours they had made no progress toward a verdict. The judge then instructed the jury as follows:

> "I'm going to let you go to lunch, at this time, and have you come back and resume your deliberations.

> "You have heard all the evidence that any jury will be able to hear in the case, and if you don't agree upon a verdict, some other jury will have to be called in to decide it.

> "The Court does not feel that any jury could be more competent to find the facts than this one, so for that reason, the Court is going to ask you to go back and deliberate further after lunch. And when you reach a verdict, let the Court know and I will have you brought in Court.

> "All right. You may go now to lunch and report back in here at two o'clock, so that I can see that all of you are accounted for, and then you will go directly to the jury room."

Defendant complains that the foregoing charge was coercive and compelled an unwilling jury or some of its members to surrender their conscientious opinions in order to reach a verdict. We do not agree. Although the court failed to include an admonition that no member of the jury should surrender his conscientious convictions in order to agree upon a verdict, a cautionary warning which might have been necessary to cure a coercive instruction, *State v. McKissick*, 268 N.C. 411, 150 S.E. 2d 767 (1966), we do not find the instruction in the present case to be in any way coercive. On the contrary, it was entirely proper for the judge to ask the jury to go back and deliberate further. See cases cited in 3 Strong, N. C. Index 2d, Criminal Law, § 122. We find nothing said or done by the judge in this case which might have caused any member of the jury to surrender his own conscientious convictions in order to reach the verdict rendered.

No error.

Chief Judge BROCK and Judge MARTIN concur.