State v. Sutton

---

STATE OF NORTH CAROLINA v. WILLIAM EARL SUTTON

No. 768SC481

(Filed 15 December 1976)

1. Criminal Law § 21— defendant charged by indictment — preliminary hearing not required

G.S. 15A-606(a), which became effective 1 September 1975 and which provides that the judge must schedule a probable cause hearing unless defendant waives in writing his right to such hearing, does not alter the preexisting rule which dispensed with the requirement for a preliminary, or probable cause, hearing when the defendant has been charged by indictment.

2. Criminal Law § 122— jury unable to agree — further instructions to deliberate proper

As a general rule, when a jury is unable to reach a verdict, the trial judge may send them back for further deliberations and urge

them to reach a verdict, although he may not instruct in such a way as to give his opinion or to coerce them into making a decision; moreover, the judge should admonish the jurors to adhere to their conviction and free will in making their decision.

3. **Criminal Law §§ 122, 126— inability of jury to agree — instruction as to unanimous verdict — coercing jury**

The trial court erred in coercing and rushing the jury to reach a verdict where: the court sent the jury back for additional deliberations on three occasions; the third occasion was on the morning after the case was first given to the jury; the judge asked the jury foreman if their verdict of the previous day had been unanimous; the foreman responded that he could not answer that question without further deliberations; the court gave additional instructions on possession and directed the jury ". . . to take no more than five minutes to ascertain whether or not the verdict which you reported yesterday was unanimous"; and the jury returned 15 minutes later reporting that they unanimously found defendant guilty of all three charges.

APPEAL by defendant from *Browning, Special Judge.* Judgment entered 12 February 1976 in LENOIR County Superior Court. Heard in the Court of Appeals 19 October 1976.

Defendant was charged by indictments in proper form with possession of a controlled substance, possession of a controlled substance with the intent to sell, and sale and delivery of a controlled substance. The controlled substance involved in each indictment was heroin. Defendant entered a plea of not guilty to each charge but was convicted by a jury on all counts. He was sentenced to imprisonment for a term of ten years ·for the sale of heroin, five years for the possession charge to run consecutively, and ten years for possession of heroin with intent to sell to run concurrently with the other sentences.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Gerrans and Spence, P.A., by William D. Spence, for defendant appellant.*

MORRIS, Judge.

[1]   When these cases were called to trial, defendant moved to quash the indictments in No. 75CR10425 and No. 75CR10424 on the grounds that he had not been given a probable-cause hearing on those charges. In his first assignment of error, de-

fendant contends that the trial judge erred in failing to quash the indictments.

Prior to the adoption of the Pretrial Criminal Procedure Act (Chapter 15A of the General Statutes), the State could properly try a defendant on a bill of indictment without the benefit of a preliminary hearing. *State v. Vick*, 287 N.C. 37, 213 S.E. 2d 335 (1975); *State v. Foster*, 282 N.C. 189, 192 S.E. 2d 320 (1972). However, G.S. 15A-606(a), effective 1 September 1975, provides:

> "The judge must schedule a probable-cause hearing unless the defendant waives in writing his right to such hearing. A defendant represented by counsel, or who desires to be represented by counsel, may not before the date of the scheduled hearing waive his right to a probable-cause hearing without the written consent of the defendant and his counsel."

Defendant maintains that this section changes the former rule allowing trial on indictment without a preliminary, or probable-cause, hearing. We disagree.

G.S. 15A-611 sets forth the procedure to be followed in a probable-cause hearing. Subsection (d) provides that the hearing may not be held if an information in superior court is filed upon waiver of the indictment prior to the date set for the hearing. The "Official Commentary" to subsection (d) states:

> "Subsection (d) as introduced expressed the theory embraced by a majority of the Commission that the district court loses jurisdiction if an indictment or information is filed in superior court—therefore rendering null any further proceedings in the district court. At one stage, however, a legislative committee amended the proposal to restrict the power of a solicitor to bypass the probable-cause hearing and deleted reference to the indictment. Subsequently this restriction on the power to submit indictments was itself deleted, but there was a failure to restore mention of the indictment in subsection (d). In view of the preexisting jurisdictional law and the fairly clear legislative intent, however, *it seems certain that no probable-cause hearing may be held in district court once the superior court has gained jurisdiction through the return of a true bill of indictment*." (Emphasis supplied.)

While we, of course, are not bound by the interpretations found in the "Official Commentary," we believe that the portion cited herein represents an accurate reflection of the present status of the law in this area. We find nothing in Chapter 15A or its legislative history which demonstrates the legislature's intention to alter the preexisting rule which dispensed with the requirement for a preliminary, or probable-cause, hearing when the defendant has been charged by indictment. This assignment of error is overruled.

Defendant has raised 22 additional assignments of error grouped into eight other arguments, but only one argument merits further discussion. The jury began its deliberation at 12:10 p.m. on 11 February 1976. They reported that they were unable to reach a decision, whereupon the judge called the jurors into court and urged them to ". . . reconcile your differences as much as possible without the surrender of your conscientious convictions and to reach a verdict." Forty minutes later, the jury returned and found defendant guilty on all three charges.

Defendant requested a poll of the jury. After being asked by the clerk if the verdict was her own and whether she still assented thereto, one juror twice responded, "I guess so." The judge asked her if she could answer the clerk's question in the affirmative or the negative, and she replied "I am not too sure." The judge then instructed the jury:

> "Ladies and gentlemen of the jury, the Court cannot accept the verdict as returned by the Jury in the fashion which you have returned it. I am going to ask you to return to your jury room for a few minutes at which time I will call you back again in ten or fifteen minutes to ask you again what your verdict is in the case. Please go to the jury room, and let me know again what your verdict is when you return."

Approximately 15 minutes later, the jury returned to the courtroom without having reached a unanimous decision. The trial judge adjourned court, sent the jury home for the evening, and instructed them to return at 9:30 the following morning to continue their deliberations.

When court convened the next morning, the jury through its foreman requested additional instructions, and the judge

restated the portion of his previous charge concerning legal possession. He then said:

> ". . . Now ladies and gentlemen of the Jury, I am going to send you back to the jury room for one purpose, and one purpose only; I would like for you to take no more than five minutes to ascertain whether or not the verdict which you reported yesterday was unanimous. When you come back I will ask you whether or not your verdict was unanimous or was not unanimous, at which time the defendant will have the privilege, if you report that it was unanimous, of polling the Jury again. Mr. Foreman, would you take the Jury back."

Approximately 15 minutes later, the jury returned to report that they had reached a unanimous verdict and pronounced defendant guilty of all charges. Defendant again requested a poll of the jury, whereupon all jurors stated that the verdict was theirs and that they still assented thereto.

**[3]** Defendant contends that the trial court erred in coercing and rushing the jury to reach a verdict. We agree.

**[2]** As a general rule, when a jury is unable to reach a verdict, the trial judge may send them back for further deliberations and urge them to reach a verdict, although he may not instruct in such a way as to give his opinion or to coerce them into making a decision. When such coercion is found, a new trial must be awarded. *State v. Bowers,* 273 N.C. 652, 161 S.E. 2d 11 (1968) (judge instructed jury "You have to reach a verdict."); *State v. Roberts,* 270 N.C. 449, 154 S.E. 2d 536 (1967) (judge told jury to retire ". . . and consider the case until you reach a unanimous verdict."); *State v. McKissick,* 268 N.C. 411, 150 S.E. 2d 767 (1966) (judge instructed jury "You must consider this case until we have exhausted every possibility of an agreement."). The "common thread" running through these cases is that the judge must not fail to state that the jurors should adhere to their conviction and free will in making their decision. This Court has stated:

> ". . . The trial judge therefore should, in giving additional instructions to the jury urging a verdict, state in plain, clear and concise language that he is not expressing an opinion as to what their verdict should be and also that he does not mean to infer that any of them should surrender

his conscientious convictions or his free will and judgment in order to agree on a verdict." (Citation omitted.) *In re Henderson*, 4 N.C. App. 56, 59, 165 S.E. 2d 784 (1969).

*But see State v. Carr*, 23 N.C. App. 546, 209 S.E. 2d 320 (1974), where the judge's failure to admonish the jury that they should not surrender their conscientious convictions was held not to be coercive *per se*.

**[3]** In the case *sub judice*, the judge sent the jury back for additional deliberations on three occasions. The first occurred midway through the afternoon of the initial day of deliberations. At that time, the judge told the jury to " . . . reconcile your differences as much as possible without the surrender of your conscientious convictions . . ." Although he urged them to reach a verdict, his remarks were not coercive. *State v. Mc-Kissick, supra; In re Henderson, supra*.

Later that afternoon, after a jury poll revealed a less than unanimous verdict, the judge again sent the jury back to the jury room ". . . for a few minutes at which time I will call you back again in ten or fifteen minutes to ask you again what your verdict is in the case." Defendant contends that the time limit imposed by the judge, together with his failure to remind the jury to adhere to their conscientious convictions, coerced the jury to convict defendant. However, the mere fact that a judge prescribes a time limit for the jury's decision does not amount to coercion where the jury does not actually come to a decision within the general limits imposed by the judge. *State v. Tudor*, 14 N.C. App. 526, 188 S.E. 2d 583 (1972). The record reveals that the jury returned to the courtroom after the allotted time had passed and were still undecided. This demonstrates that the jurors were not coerced into reaching a verdict, and we therefore find no prejudicial error in the judge's remarks. *State v. Carr, supra*.

The final instructions to the jury occurred on the following morning when the judge asked the jury foreman if their verdict of the previous day had been unanimous. The foreman responded that he could not answer that question without further deliberations, whereupon the judge gave additional instructions on possession and directed the jury ". . . to take no more than five minutes to ascertain whether or not the verdict which you reported yesterday was unanimous." Fifteen minutes later, the jury reported that they unanimously found defendant guilty

of all three charges. The State argues that the judge's directions were not coercive because he did not urge them to *reach a verdict,* but only to *report whether their verdict of the previous day was unanimous.* We find no merit in this distinction drawn by the State. Since the jury had previously reported on three occasions that they were unable to reach a unanimous decision, it was obvious that their earlier verdict was not assented to by all the jurors. Therefore, the practical effect of the judge's instructions ". . . to ascertain whether or not the verdict which you reported yesterday was unanimous . . ." was to compel the jurors to reach a unanimous verdict. We believe that these instructions could be construed by some jurors as coercive and suggestive that they surrender their conscientious convictions for the sole purpose of reaching a unanimous verdict. Accordingly, defendant is entitled to a new trial.

It is not necessary to consider defendant's other assignments of error because they are unlikely to re-occur at his new trial.

New trial.

Judges CLARK and ARNOLD concur.