State v. Hill

No. 7710SC388

(Filed 2 November 1977)

**1. Criminal Law § 66.16— in-court identification of defendant—evidence of in-dependent origin sufficient**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in allowing testimony by the prosecuting witness identifying defendant as one of his assailants even if a photographic identification procedure was improper where the evidence tended to show that, though the witness did not know defendant's name, he and defendant had been inmates at the same prison camp for at least two months prior to the knifing incident during which period he had seen defendant from time to time; the incident occurred in the open courtyard of the prison camp in broad daylight; and the witness had seen defendant and his companion approaching immediately prior to the incident and saw defendant standing with a knife-like instrument immediately after the incident.

**2. Criminal Law § 116— jury instructions—defendant's failure to testify—instructions not requested**

Defendant's contention that any instruction on his failure to testify is improper in the absence of a request by defendant is without merit.

**3. Assault and Battery § 15.3— additional instructions—intent to kill defined—reasonable doubt and burden of proof instructions not repeated**

 Defendant was not prejudiced where, in response to a request from the jury after it had begun its deliberations, the trial judge gave a definition of "intent to kill" as it related to the bill of indictment, but the judge did not repeat his instructions on reasonable doubt and burden of proof.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 2 March 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 28 September 1977.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury, G.S. 14-32(a).

Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

Jerry Wayne Gaddy, an inmate at the Polk Youth Center located in Raleigh, North Carolina, was headed to a weightlifting class at the center when he was approached by two fellow inmates, a man named Callahan whom he knew by name and defendant Hill whom he did not know by name but had seen on prior occasions. After a brief verbal exchange Gaddy told the two men that he was late to his weightlifting class and could not delay. As he turned away Callahan hit him across the face and he "felt something hit me across the back." Turning around, Gaddy saw defendant "standing there with a knife, a shank made out of some sort—looked like metal in his hand." Gaddy was then escorted to the first aid room and from there to the hospital where he was treated for wounds on his face, wrist and back.

The defendant denied any involvement in the incident and introduced evidence tending to show that he was some distance away when the incident occurred.

Defendant was convicted as charged. From a judgment imposing a sentence of 9 years imprisonment as a youthful offender, defendant appeals.

*Attorney General Edmisten by Associate Attorney Christopher P. Brewer for the State.*

*Bailey, Dixon, Wooten, McDonald & Fountain by Ralph McDonald for defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends the trial court erred in admitting the testimony of the prosecuting witness identifying defendant as one of his assailants. In support of this assignment of error defendant argues that the in-court identification was tainted by an impermissibly suggestive photographic identification procedure in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. *Simmons v. United States*, 390 U.S. 377, 19 L.Ed. 2d 1247, 88 S.Ct. 967 (1968). The photographic identification here involved was not introduced into evidence by the State. We are guided, therefore, by the words of Justice Huskins, speaking for our Supreme Court in *State v. Shore*, 285 N.C. 328, 338, 204 S.E. 2d 682, 688 (1974), a case involving an allegedly unconstitutional showup:

> "The record discloses . . . that the State offered no evidence of this hallway showup in the presence of the jury. Our inquiry therefore is not whether evidence of the showup would be admissible but *whether the in-court identification by these witnesses was tainted* by the confrontation in the hallway." (Emphasis added.)

In the present case the judge's order denying the defendant's motion to suppress included the following:

> "[T]he Court concludes from a total body of the evidence . . . that there was ample opportunity by Mr. Gaddy to see and observe and know beforehand this Defendant and see and observe and know this Defendant at the scene of the crime as one of the perpetrators of the crime;
>
> . . .
>
> "[T]hat the in-court identification is based independently of the witness's own original knowledge of the Defendant and is not tainted by subsequent events . . . ."

It is established law that "findings of fact, . . . made by the trial judge, are conclusive if they are supported by competent evidence in the record." *State v. Gray*, 268 N.C. 69, 78-9, 150 S.E. 2d 1, 8 (1966). *See also State v. Morris*, 279 N.C. 477, 481, 183 S.E. 2d 634, 637 (1971); *State v. Knight*, 282 N.C. 220, 227, 192 S.E. 2d 283, 288 (1972). The evidence in this case reveals that while the prosecuting witness, Gaddy, did not know defendant's name, he and

the defendant had been inmates at the same prison camp for at least two months prior to the knifing incident during which period he had seen defendant from time to time; that the incident occurred in the open courtyard of the prison camp in broad daylight; and that the witness had seen the defendant and co-defendant approaching immediately prior to the incident and saw the defendant standing with a knife-like instrument immediately after the incident. This evidence fully supports the judge's finding that the witness had "ample opportunity" to "observe and know" defendant before the incident and at the scene of the crime. Thus, "since . . . [the judge's] finding is supported by competent evidence, it alone renders the in-court identification competent even if it be conceded *arguendo* that the . . . [photographic identification] was improper" and this finding is "conclusive on appeal and must be upheld." *State v. Shore, supra* at 339, 204 S.E. 2d at 689. Accordingly, this assignment of error has no merit.

[2]   Next, defendant contends the court erred in instructing the jury regarding defendant's failure to testify. The court's charge to the jury included the following:

> "The defendant in this case has not testified. It is the law that the defendant in a criminal action is, at his own request but not otherwise, a competent witness, and his failure to make such a request shall not create any presumption against him; therefore, his silence is not to influence your decision in any way."

Defendant does not argue that the court's instruction was not adequate to embrace the spirit of G.S. 8-54 which safeguards the right of a criminal defendant not to testify in his own trial. Rather, defendant argues that *any* instruction is improper in the absence of a request by the defendant in that it suggests an inference of defendant's guilt from his failure to testify which would not occur to the jury otherwise.

In *State v. Jordan*, 216 N.C. 356, 366, 5 S.E. 2d 156, 161 (1939), our Supreme Court held that there was no error in omitting an instruction regarding defendant's failure to testify in the absence of a request by the defendant:

> "[I]t is debatable whether the judge does not do the defendant a disfavor by emphasizing the failure of the defendant to go upon the stand and, thereby, deepening an impression

which is perhaps hardly ever removed by an instruction which requires a sort of mechanical control of thinking in the face of a strong natural inference. [Citations omitted.]

"Upon these considerations, we think the matter had best be left to the sound judgment of the defending attorney whether he shall forego the instruction or specially ask for it."

Since *Jordan* our Supreme Court has admonished against the use of such instructions except upon request by defendant on several occasions. *State v. Bryant*, 283 N.C. 227, 195 S.E. 2d 509 (1973); *State v. Barbour*, 278 N.C. 449, 180 S.E. 2d 115 (1971). However, in none of the cited cases did the Court reverse for the mere inclusion of an instruction without a request. And, in fact, in the most recent case, *State v. Caron*, 288 N.C. 467, 473, 219 S.E. 2d 68, 72 (1975), Justice Moore speaking for the majority of the Court, distinguished the North Carolina rule from that of those jurisdictions which have held "that unless the defendant so requests, such an instruction tends to accentuate the significance of his silence and thus impinges upon defendant's unfettered right to testify or not to testify at his option." Thus, while our Supreme Court has prescribed that the spirit of G.S. 8-54 can best be accomplished by omitting any instruction regarding defendant's failure to testify in the absence of a request by defendant, it has not seen fit to solidify that prescription into a rule of law. We find no error in the trial court's instruction.

[3] Next, defendant contends that the court erred in its additional instructions to the jury defining "intent to kill," an element of the offense charged. The record discloses that in response to a request from the jury, the trial judge gave a definition of "intent to kill" as it related to the bill of indictment. Defendant concedes that the definition challenged by this exception has been approved in prior cases. *See State v. Allen*, 283 N.C. 354, 196 S.E. 2d 256 (1973); *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626 (1964). He argues, however, that since the definition was given to the jury after it had begun its deliberations, and the judge did not repeat his instructions on reasonable doubt and burden of proof, the jury could have been misled as to the State's burden of proving every element of the offense beyond a reasonable doubt.

The defendant's argument is without merit. In his initial charge the trial judge instructed fully and clearly on the burden of proof. Except in the clear likelihood that the jury would misconstrue an instruction given out of context, it is "not necessary that he repeat this as part of the additional instructions given to the jury." *State v. Hammond*, 23 N.C. App. 544, 546, 209 S.E. 2d 381, 382 (1974). We find no such likelihood in the present case. Accordingly, there is no merit in this assignment of error.

Finally defendant contends that the court erred by not striking the testimony of the prosecuting witness that Callahan on a prior occasion when the defendant was not present had said to the witness "that if John Bowers or Edward Spry got shipped down for robbing me, that he would kill me." Assuming *arguendo* that the challenged testimony was not competent under the circumstances of this case for any purpose, and the trial judge erred in denying defendant's motion to strike and in not instructing the jury to disregard the testimony, we do not perceive that the defendant was prejudiced thereby. The record is replete with evidence tending to show defendant's intent when he and Callahan assaulted Gaddy. Any error in admitting the challenged testimony was harmless beyond a reasonable doubt.

Defendant has other assignments of error which we have carefully considered and find to be without merit. We hold that the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.