STATE OF NORTH CAROLINA v. DONALD McKINLEY BRACKETT

No. 777SC881

(Filed 4 April 1978)

1. **Criminal Law § 66.16— in-court identification of defendant—independent origin —no taint from photographic identification**

   Evidence was sufficient to support the trial court's finding that an identification of defendant by the victim of an attempted armed robbery was based solely on the victim's observations of defendant on the day of the crime and was not tainted by a subsequent photographic identification where the evidence tended to show that the victim observed defendant in her store on two occasions, the second one lasting for five to ten minutes; she observed defendant at close range and under good lighting; the photographic identification took place seven months after the alleged crime; and when she was handed the photographs, the victim promptly picked out those of defendant and his friend.

2. **Criminal Law § 122.2— jury instructed to deliberate further—no coercion of verdict**

   The trial court did not coerce the jury into reaching a verdict where the judge recalled the jury for the purpose of checking their progress and sent them back to deliberate further without instructing that no one should surrender his or her conscientious convictions in order to agree upon a verdict.

APPEAL by defendant from *Martin (Perry), Judge*. Judgment entered 23 June 1977 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 28 February 1978.

Defendant was tried and convicted for the attempted armed robbery of Mrs. Grady E. Smith at her place of business, a store and grill. He was sentenced to prison for a term of not less than 40 years nor more than 50 years. He has appealed to this Court asking review of certain parts of the trial for alleged errors, to wit: the identification of defendant as the perpetrator of the crime and the conduct of the trial judge after the case was submitted to the jury.

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*Fountain and Goodwyn, by George A. Goodwyn, for the defendant appellant.*

WEBB, Judge.

[1] Defendant's first contention is that Judge Martin erred in finding that the in-court identification of defendant by Mrs. Grady E. Smith, the victim of the attempted armed robbery, was based solely on her observations of defendant on the day of the crime and was not tainted or influenced by a series of photographs shown to her by investigating officer, Deputy Tom Moore. This contention, by implication, also challenges the finding by Judge Martin that there was nothing in the earlier photographic showing "so impermissibly suggestive as to taint Mrs. Smith's in-court identification." Since a *voir dire* hearing was held to determine the propriety of admitting identification testimony, the findings of Judge Martin are conclusive on appeal if they are supported by competent evidence in the record. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974).

Evidence introduced by the State on *voir dire* tended to show that Mrs. Smith saw the defendant twice on 6 September 1976, the day of the incident. The first opportunity she had to observe defendant was when he and a friend entered her store that morning. Defendant and his friend walked about the store and then defendant went over to the cash register and purchased a package of chewing gum. When he paid for the gum, he was

standing about a foot and a half from Mrs. Smith. She next saw defendant when he shortly returned to the store and stood at the bread counter. When Mrs. Smith went over to assist defendant, he drew a gun and stuck it in her face. Defendant forced her over to the cash register and commanded her to open it. When she refused, he began to beat her on the head with his gun. He continued to strike her until a truck and tractor pulled up outside the store. Defendant then ran outside and rode away in a car driven by his friend. Mrs. Smith testified that the defendant was in the store the second time for between five and ten minutes. She further testified that there are fluorescent lights located throughout the store and they stay on all the time.

The State's evidence further showed on *voir dire* that Officer Tom Moore, a Deputy Sheriff of Edgecombe County, took a number of photographs to Mrs. Smith and asked her if she could pick out the two men who entered her store on 6 September 1976. The photographs were all of black males. Mrs. Smith recognized two men in the photographs, the defendant and his friend.

The defendant did not offer any evidence on *voir dire*, but cross-examination of Mrs. Smith revealed the fact that the photographs were not shown to Mrs. Smith until April of 1977, seven months after the attempted robbery. Cross-examination also brought out the fact that when Mrs. Smith was handed the photographs in April, she promptly selected the defendant's picture from the group.

We hold that there is ample, competent evidence to support Judge Martin's findings. Mrs. Smith had an opportunity to observe defendant twice; she observed him from close range; she observed him under good lighting, and she observed him for between five and ten minutes on one occasion alone. We hold that this evidence is sufficient to support the finding that the in-court identification was based solely on Mrs. Smith's recall of events of 6 September 1976. The record is void of any evidence of impropriety in the photographic showing. Therefore, we hold that the evidence supports the finding that there was nothing impermissibly suggestive about the photographic identification procedure used.

We cannot agree with defendant's contention that the seven-month lapse of time between the attempted armed robbery and

the out-of-court photographic identification created a substantial likelihood that Mrs. Smith would misidentify the perpetrator of the crime. The test of admissibility of an in-court identification following an out-of-court photographic showing is a factual one in which the court must weigh the totality of the circumstances. *Simmons v. U.S.*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968); *see also State v. Long*, 293 N.C. 286, 237 S.E. 2d 728 (1977); *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974). If the court finds that "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," then the identification is not admissible unless it is shown to be derived from independent recollection of events prior to the photographic showing. *See Simmons v. U.S., supra; State v. Knight*, 282 N.C. 220, 192 S.E. 2d 283 (1972); *State v. Hill*, 34 N.C. App. 347, 238 S.E. 2d 201 (1977). We do not believe that a seven-month lapse between the crime and the out-of-court identification is a sufficient circumstance, standing alone, to require the exclusion from evidence of the in-court or photographic identification of defendant. As stated above, there are competent facts to support finding that the in-court identification was based on the event and not the photographs.

[2] Defendant next argues that the trial judge pressured the jury into reaching a verdict. The record shows that the case was submitted to the jury around 5:00 p.m. on the day of the trial. Judge Martin called the jury into the courtroom at approximately 5:35 p.m. to inquire about the progress of the jury's deliberations and also to ask if the jury wanted the court to send out for supper. The foreman informed the judge that one vote had been taken and they were about to take a second vote when called into the courtroom. The first vote had resulted in a 4 to 8 split. The jury agreed to take a second vote before arrangements were made for supper. They retired to deliberate again at 6:40 p.m. and returned at 6:44 p.m. The foreman announced that a second vote had been taken and the split was 2 to 10. Judge Martin then asked the foreman if he wanted the court to send out for dinner or did he wish to continue deliberations. When the foreman did not answer, Judge Martin suggested that in view of the fact that the jury was making some progress, they retire and continue deliberations and if no verdict was reached within a reasonable

time, he would recall them to the courtroom. At 7:10 p.m. the jury returned a verdict of guilty of attempted robbery with a firearm.

Defendant contends that the verdict was coerced because the trial judge sent the jury back to continue deliberations without instructing the jury that no one should surrender his or her conscientious convictions in order to agree upon a verdict. We disagree. Whether the verdict was improperly coerced is determined by reviewing the facts and circumstances of the particular case before the court. *State v. McKissick*, 268 N.C. 411, 150 S.E. 2d 767 (1968). It is not error, per se, if on every occasion that the jury is called in or returns to report its progress, there is a failure by the trial judge to instruct the jury that each member should follow his or her conscience and not feel compelled to reach a verdict. *State v. McLamb*, 13 N.C. App. 705, 187 S.E. 2d 458 (1972); *State v. Carr*, 23 N.C. App. 546, 209 S.E. 2d 320 (1974); *State v. Sutton*, 31 N.C. App. 697, 230 S.E. 2d 572 (1976). We find nothing in Judge Martin's action that would improperly coerce a verdict.

Defendant's other contention relates to his motions to dismiss and motion to set aside the verdict. Since defendant bases his arguments on the failure of the State to properly identify the perpetrator of the crime, it is without merit.

No error.

Judges BRITT and HEDRICK concur.