STATE OF NORTH CAROLINA v. DENNIS WOOTEN

No. 818SC798

(Filed 2 February 1982)

1. **Criminal Law § 111.1— court's pretrial comments—wrong date for offense—no denial of fair trial**

    Defendant was not denied a fair trial when the trial court erroneously stated to the jury pool that defendant was charged with two drug counts because of events occurring on 25 September 1980 and the court corrected its error by instructing after the jury had been impaneled that the correct date was 12 September 1980.

2. **Narcotics § 3.1— testimony not result of entrapment**

    Statements made by defendant to an undercover agent that he had some "bam" for sale but could not get his hands on it at that time and that he had heroin for sale were not the result of entrapment and were admissible.

3. **Criminal Law § 95.2— instruction on corroborative evidence**

    The trial court adequately instructed the jury on corroborative evidence, and defendant was not prejudiced by the fact that the court later shortened its explanation of corroborative evidence.

4. **Narcotics § 3.3— substance containing heroin—expert testimony**

    An expert in the field of forensic chemistry was properly permitted to testify that a substance purchased from defendant contained 3% heroin hydrochloride where the expert testified about the various tests that had been conducted to determine the identity of the substance.

5. **Narcotics § 4.2— possession of heroin with intent to sell—sale of heroin—sufficiency of evidence**

   The State's evidence was sufficient for the jury on issues of defendant's guilt of possession of heroin with intent to sell and sale of heroin where it tended to show that defendant offered to sell two bags of heroin to an undercover agent, that he negotiated with the agent on the price, that he told a female companion to go get the two bags, and that the female companion actually handed the bags to the undercover agent.

6. **Criminal Law § 112.1— instructions on reasonable doubt**

   The trial court's definition of reasonable doubt coupled with its frequent references in the charge to the requirement that the jury be satisfied of defendant's guilt beyond a reasonable doubt constituted adequate instructions on reasonable doubt tying the definition of reasonable doubt to the State's evidence.

7. **Criminal Law § 113.9— instructions—misstatement of evidence—necessity for objection at trial**

   A minor misstatement of facts by the court in its recapitulation of the evidence should have been brought to the attention of the trial judge in time for him to make a correction, and defendant's attempt to raise the issue on appeal comes too late.

8. **Narcotics § 4.7— possession of heroin with intent to sell—instruction on lesser offense**

   In this prosecution for possession of heroin with intent to sell, the trial court did not err in instructing the jury on the lesser included offense of possession of heroin or in instructing the jury that if it found defendant guilty of possession with intent to sell, the case would end.

APPEAL by defendant from *Tillery, Judge.* Judgments entered 17 March 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals on 12 January 1982.

On 8 December 1980, defendant was indicted on three felony charges: conspiracy to possess with intent to sell and deliver a controlled substance, heroin; possession with intent to sell and deliver heroin; and sale and delivery of heroin. At his trial, the State presented evidence tending to show that, on 12 September 1980, J. L. Bowden, an undercover agent of the State Bureau of Investigation (S.B.I.), working with local police officers and another S.B.I. agent, went to Rockefeller Court in Goldsboro. There he saw defendant, along with Brenda Allen, as they were entering apartment 130. When Bowden went to the apartment and approached defendant about purchasing preludin, defendant informed him that he had some but, according to Bowden, "could

not get his hands on it at that time." Defendant told the agent that he had some fifteen dollar bags of heroin for sale, and Bowden negotiated and completed the purchase of two of these bags for $28.00. An expert in the field of forensic chemistry testified that the contents of the bags contained three percent heroin hydrochloride.

The defendant presented testimony by defendant's sister that defendant did not live at 130 Rockefeller Court but, rather, that he lived with her.

The jury found defendant guilty of possession with intent to sell heroin and of the sale of heroin. From the imposition of concurrent prison terms of seven to nine years each, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Duke and Brown, by J. Thomas Brown, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first assigns error to the court's pretrial comments concerning the charges against him. The record shows that the trial court erroneously stated to the jury pool that the defendant was charged with the three drug counts because of events occurring on 25 September 1980. After members of the jury were selected and impaneled, the court corrected its error by the following statement:

I inadvertently used the wrong date when I was giving you my little synopsis of the case. The court now understands that the date that you are concerned with is the 12th of September. . . .

.   .   .

Just disregard what I said about the other date.

Defendant contends that the error "placed in the jurors [sic] minds a conjecture that the Defendant might be involved in other drug possessions or sales. . . ," thus depriving defendant of a fair trial.

We reject defendant's contention. We can find absolutely nothing in the trial court's comments which amounted to more than an inadvertent and harmless *lapsus linguae* and an equally harmless attempt to correct it. Defendant's assignment of error is overruled.

The second of defendant's contentions is that the trial court committed eight separate errors in rulings on the admissibility of evidence. Defendant first took exception to testimony by which the S.B.I. agent showed his experience in other undercover campaigns. While we find the evidence to which defendant excepted to be irrelevant to his case, we nonetheless can see no error which was prejudicial to defendant. *See* 1 Stansbury's N.C. Evidence §§ 9, 80 (Brandis rev. 1973).

[2] Defendant's second exception to the admission of evidence involved the following direct examination of Agent Bowden:

Q. What happened at that point?

A. Mr. Wooten told me that —

OBJECTION: OVERRULED.

EXCEPTION NO. 6

A. Mr. Wooten told me that he had some bam for sale; however, he could not get his hands on it at that time but he did say that he had heroin for sale.

MOTION TO STRIKE. Denied.

EXCEPTION NO. 7

Defendant contends that the statements made by defendant to Agent Bowden resulted from his being entrapped and should have been inadmissible. We, however, find no evidence in this or any other part of the record to support defendant's contention of entrapment.

The third of defendant's exceptions to the admission of evidence followed the court's overruling defendant's objection to a question concerning whether Bowden had "received anything back from the State Bureau of Investigation Laboratory . . . ." The State's question followed and was tied to its questions about sending the substance to the S.B.I. Laboratory for tests. Limited

as it was, the question was not, as defendant argues, "too broad and vague."

Next defendant excepted to Agent Bowden's testimony concerning his statements to the two police officers and to the other S.B.I. agent about the events which occurred in the apartment. Defendant contends that this reiteration of matters to which Bowden had already testified prejudiced his case unnecessarily. While we might agree with defendant that Bowden's reiteration was unnecessary, we can find no prejudicial error in his testimony. Likewise, we reject defendant's related contention that the following testimony of Agent Bowden exculpated the defendant from any wrongdoing:

> I told them the details of the purchase; that I went to the apartment at 130 Rockefeller Court in Westhaven and there saw Brenda Allen and Dennis Wooten and in talking to Mr. Wooten agreed on a price of twenty-eight dollars for two aluminum foil packets of heroin and Mrs. Allen delivered those packets to me.

As our later discussion will show, there was clearly ample evidence indicating that defendant made the sale to Bowden.

Defendant's fifth exception to the admission of evidence was to the testimony by the second S.B.I. agent about what Agent Bowden had told him concerning the purchase of heroin. We find this testimony to be corroborative of the testimony of Agent Bowden, and its admission was no error. *See* 1 Stansbury's N.C. Evidence § 51 (Brandis rev. 1973).

Defendant's sixth argument concerns the trial court's refusal to allow him to question a Goldsboro Police Department Investigator about how the police department gets witnesses into court. The questions thus posed were obviously rhetorical since the witness had already stated that he had not had a particular witness subpoenaed. This Court sees no purpose in the questions defendant posed and finds the trial court's action proper.

[3] Defendant's argument that the trial court failed to instruct the jury adequately about corroborating evidence is likewise rejected. The record shows that the court instructed the jury in the following manner:

Members of the jury, this evidence which you are about to hear is competent but only for a limited purpose. Statements that a witness may have made at an earlier time, if you find that they tend to corroborate his testimony here in the courtroom under oath are competent for the purpose of corroboration; that is giving you a basis upon which to decide whether to believe the testimony of Mr. Bowden in this courtroom. They are not evidence of the truth or lack of truth of what was said because what was being told back there was not under oath as was his testimony here.

The fact that the court later shortened its explanation of corroborative evidence was not error prejudicial to defendant.

[4] Defendant's final argument concerning the admissibility of evidence is that the court erred in allowing the forensic chemist to identify the material purchased by Bowden. We have reviewed this portion of the record and can find no error. The chemist testified about the various tests that had been conducted to determine the identity of the powder. The trial court properly overruled defendant's objection to the question of whether the witness had an opinion satisfactory to himself as to what the substance was. Likewise, we reject defendant's argument that the court erred in allowing the State to pass to the jury the contraband substance.

We turn now to defendant's contentions that the trial court erred in denying his motions to dismiss the cases against him. These motions were made at the end of the State's evidence as well as at the end of all the evidence. When the defendant offered evidence, he waived his motion to dismiss at the close of the State's evidence, and only his motion made at the close of all of the evidence is considered on appeal. *State v. Mendez*, 42 N.C. App. 141, 256 S.E. 2d 405 (1979). Defendant argues that the "case . . . was fraught with too many inconsistencies," particularly on the question of whether it was the defendant or Brenda Allen who actually sold the controlled substance to Bowden.

[5] In considering a motion to dismiss, the trial court is bound by the principle that the evidence for the State is to be considered in the light most favorable to it and is deemed to be true; inconsistencies or contradictions therein are disregarded. *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866 (1971). In this case, the State

State v. Wooten

was not required to prove that defendant had exclusive posses-sion or control of the contraband substance. *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974). He had possession if he had both the power and the intent to control its disposition or use. *Id.* From the record, we find that there was ample evidence that defendant offered to sell the heroin to Bowden, that he negotiated with Bowden on the price, and that he told Allen to go get the two bags. The fact that the woman actually handed the bags to the undercover agent does not nullify the strong evidence that, under our law, defendant possessed the controlled substance and that he sold it to Bowden.

[6] The final assignment of error that we consider is based on four exceptions defendant took to the trial court's instructions to the jury. First, defendant excepted to that portion of the charge in which the court explained the concept of reasonable doubt. We find nothing wrong with the court's explanation and, indeed, defendant does not argue that they were erroneous. Rather, he argues that the court should have tied the definition of reasonable doubt to the State's evidence. We find, however, that the trial court's definition of reasonable doubt coupled with its frequent references to the requirement that the jury be satisfied of defendant's guilt beyond a reasonable doubt was clearly ade-quate. *Cf. State v. Hammond*, 23 N.C. App. 544, 209 S.E. 2d 381 (1974); *State v. Conyers*, 2 N.C. App. 637, 163 S.E. 2d 657 (1968).

[7] The second exception defendant took to the court's instruc-tions related to the court's recapitulation of State's evidence. In summarizing the evidence, the court erroneously stated that Bowden, the S.B.I. agent, approached the apartment (130 Rockefeller Court) where he was admitted by defendant who was in the apartment. In fact, the agent testified that he stopped defendant and Allen as they were entering the apartment.

There is nothing in the record to show that the defendant brought this minor misstatement of facts to the attention of the trial court. His attempt to raise this issue now comes too late, for, as the Supreme Court has stated, "[i]f the defendant deemed such variance . . . [in the summary of evidence] to have been prejudi-cial to him, he should have directed this to the attention of the court in time for a correction prior to the verdict." *State v. Willard*, 293 N.C. 394, 407, 238 S.E. 2d 509, 517 (1977).

[8]  Defendant's third exception to the instructions was to the court's indication to the jury that, in the words of defendant, "a third charge was hanging over Defendant's head." Defendant is referring to the court's entirely proper instructions on possession of heroin, a lesser included offense of possession with intent to sell heroin. When, as here, there is conflicting evidence of the essential elements of the greater crime and there is evidence of lesser included offenses, the trial court is required to instruct on the lesser included offenses. *State v. Brown*, 300 N.C. 41, 265 S.E. 2d 191 (1980). Furthermore, we reject defendant's attempt to argue that the trial court erred in its instructions that, if the jury found defendant guilty of possession with intent to sell, the case would end. If it were error, it benefited the defendant, and he should not be allowed to complain.

The fourth exception to the jury instructions was made to the following:

> The Court instructs you that the exchange of two packets containing heroin for $28.00 in money would constitute a sale within the meaning of the law and if you find that that occurred beyond a reasonable doubt.

Defendant again argues that "[t]here was clear evidence from Bowden that he actually made the purchase from Brenda Allen." As our discussion *supra* indicates, the record belies this argument.

Defendant's remaining assignments of error, being dependent upon his success in his earlier arguments, are overruled.

No error.

Judges HILL and BECTON concur.